THE PEOPLE OF THE STATE OF NEW YORK, Appellant-Respondent, v KIP COPELAND, Respondent-Appellant.

The testimony of the People's witnesses at the trial showed that the defendant entered an ice cream store, ordered an ice cream cone and then demanded the money from the cash register, telling the store's employees that he had a gun. One prosecution witness testified that the defendant patted his waist area as he spoke, and another stated that he put his hand close to his coat. However, the witnesses did not see a gun or any other object, and the defendant never put his hand into his pocket. After the jury found the defendant guilty of robbery in the first degree, the court modified the verdict to robbery in the third degree, finding that there was no evidence that the defendant had "[d]isplay[ed] what appear[ed] to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 160.15 [4]). On their appeal, the People argue that the modification was improper and that the defendant's oral statements, together with his patting of the waist area, were sufficient to satisfy the requirements of the statute. We disagree, and conclude that the modification was proper. In order to be found guilty of robbery in the first degree, "[t]he defendant must consciously display something that could reasonably be perceived as a firearm * * * Furthermore, the display must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm" (People v Baskerville, 60 NY2d 374, 381). While it may have been reasonable for the witnesses to believe that the defendant was in possession of a firearm, their subjective beliefs are not determinative, and the defendant could not be found guilty without some proof that he displayed something that could reasonably be perceived as a firearm, proof of which is lacking in the case at bar (see, People v Baskerville, supra; People v Cassidy, 109 AD2d 747; People v Lyde, 98 AD2d 650; People v Knowles, 79 AD2d 116; People v Jenkins, 118 Misc 2d 530).

The judgment, however, must be reversed because of certain deficiencies in the trial court's charge on the issues of identification and the alibi defense. The trial court never advised the jury that the People had the burden of proving identification

beyond a reasonable doubt *(see, People v Whalen,* 59 NY2d 273). The alibi charge did not include a clear explanation that the defendant had no burden of proving an alibi to any degree *(see, People v La Rosa,* 112 AD2d 954) and also failed to include an instruction that the People still had the burden of proving the defendant's guilt beyond a reasonable doubt even if the jury disbelieved the alibi *(see, People v Ciesluk,* 106 AD2d 514). The court did instruct the jury that the defendant would be entitled to an acquittal "if truth as to the alibi when taken into consideration with all of the other evidence of the case raises a reasonable doubt in your mind as to the guilt of defendant Copeland". As a result of the court's charge, the jury might well have concluded that the defendant had the burden of proving the truth of his alibi, that he could not be acquitted unless the jury found the alibi to be true, or that the People's burden of proof would be automatically satisfied if the jury discredited the alibi testimony. Since such suppositions would serve to impermissibly shift the burden of proof to the defendant or to at least dilute the People's burden, the charge was insufficient and the judgment of conviction must be reversed *(see, People v Vera,* 94 AD2d 728). Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.