■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING CARRINGTON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered June 25, 1985, convicting him of robbery in the first degree, robbery in the second degree, robbery in the third degree and grand larceny in the third degree (three counts), after a nonjury trial, and imposing sentence.

Ordered that the judgment is modified, on the law, by reversing the conviction for robbery in the first degree, vacating the sentence imposed thereon, and dismissing that count of the indictment; as so modified, the judgment is affirmed.

In order to support a conviction for robbery in the first degree under Penal Law § 160.15 (4), the evidence adduced, when viewed in the light most favorable to the People, must establish beyond a reasonable doubt that during the course of the commission of the crime or of the immediate flight therefrom the defendant *displayed* what appeared to be a firearm. In this regard, "[t]he defendant must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking (Penal Law § 160.00; see *People v Chessman,* 75 AD2d 187, 193-194, app dsmd 54 NY2d 1016). Furthermore, the display must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm (see *People v Jenkins,* 118 Misc 2d 530)" *(People v Baskerville,* 60 NY2d 374, 381). At bar, the complainant Branch testified that she saw what appeared to be the outline of a gun under the defendant's shirt, although she did not actually see the gun. She also testified that the defendant never said anything

about the gun, nor did he threaten her or call her attention to the gun in any way. There being absolutely no testimony indicating that the defendant *consciously displayed* what appeared to be a firearm, his conviction for robbery in the first degree under Penal Law § 160.15 (4) must be reversed, and that count of the indictment dismissed *(see, People v Cassidy,* 109 AD2d 747; *People v Lyde,* 98 AD2d 650, *lv denied* 61 NY2d 910; *People v Jenkins,* 118 Misc 2d 530; *see also, People v Knowles,* 79 AD2d 116).

With regard to the conviction for robbery in the second degree, after viewing the evidence in the light most favorable to the prosecution, it cannot be said that under the totality of the circumstances present no rational trier of fact could have found beyond a reasonable doubt that the defendant and his accomplice compelled the complainant branch to surrender her money and jewelry by force *(see, People v Cooper,* 118 AD2d 721).

Similarly, the defendant's conviction for robbery in the third degree is not against the weight of the credible evidence. Mollen, P. J., Thompson, Brown and Niehoff, JJ., concur.