■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODOLFO TAYLOR, Also Known as RALPH TAYLOR, Appellant.— Appeals by the defendant from (1) a judgment of the County Court, Suffolk County (Weissman, J.), rendered September 3, 1985, convicting him of robbery in the first degree (two counts) under indictment No. 1355/84, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court, rendered

October 31, 1985, as amended November 1, 1985, convicting him of robbery in the first degree, under indictment No. 1185/84, upon a jury verdict, and imposing sentence. The appeals bring up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment and the judgment as amended are affirmed.

The defendant's argument that he was denied his right to counsel during the series of investigatory lineups in which he participated is without merit since the right to assistance of counsel at corporeal identifications "arises only after the initiation of formal prosecutorial proceedings" *(People v Hawkins,* 55 NY2d 474, 487), and no such proceedings had been initiated against this defendant at the time of the lineups. Under the circumstances of this case, we find that the witness Bailey's selection of the defendant's photograph from a photographic array two days before he picked the defendant out of the lineup did not taint the lineup identification since there is no argument that the photographic array was in any fashion unduly suggestive and we conclude that the lineup itself was not unduly suggestive. In addition, the trial testimony supports the defendant's conviction of robbery in the first degree concerning the June 2, 1984 incident since there was ample evidence from which the jury could have concluded that it appeared to the victims by sight and sound that they were being threatened with a firearm *(see, People v Baskerville,* 60 NY2d 374; *People v Knowles,* 79 AD2d 116). We have considered the defendant's other contentions and find them to be without merit. Thompson, J. P., Brown, Rubin and Harwood, JJ., concur.