■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONNIE P. YORK, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered January 23, 1985, convicting him of robbery in the first degree (two counts), attempted robbery in the first degree (three counts), attempted robbery in the second degree, and unauthorized use of a vehicle, upon a jury verdict, and sentencing him to indeterminate terms of 10 to 20 years', 10 to 20 years', and 4 to 12 years' imprisonment upon the two convictions of robbery in the first degree charged in the first and second counts of the indictment and the conviction of attempted robbery in the first degree charged in the third count of the indictment, respectively, to run concurrently with one another, and to indeterminate terms of 4 to 12 years', 4 to 12 years', 2 to 6 years' and 2 to 6 years' imprisonment on the convictions of attempted robbery in the first degree charged in the fourth and fifth counts of the indictment, attempted robbery in the second degree charged in the sixth count of the indictment and unauthorized use of a motor vehicle in the first degree charged in the seventh count of the indictment, respectively, to run concurrently with each other but consecutively with the concurrent sentence imposed upon the first three convictions.

Ordered that the judgment is modified, on the law and as a

matter of discretion in the interest of justice, by: (1) reducing the defendant's conviction of robbery in the first degree under the second count of the indictment to robbery in the third degree and vacating the sentence imposed thereon, (2) reducing the sentence imposed on the defendant's conviction of robbery in the first degree under count one of the indictment from 10 to 20 years to 5 to 15 years, and (3) reversing the defendant's conviction of unauthorized use of a motor vehicle in the first degree under the seventh count of the indictment, dismissing that count of the indictment and vacating the sentence imposed thereon; as so modified the judgment is affirmed, and the matter is remitted to the County Court, Suffolk County, for resentencing on the second count of the indictment.

The evidence adduced at trial viewed in the light most favorable to the People *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932; *People v Contes,* 60 NY2d 620, 621), was legally sufficient to establish that the defendant displayed what appeared to be a firearm during the commission of the robbery charged in count one of the indictment *(see,* Penal Law § 160.15 [4]; *People v Baskerville,* 60 NY2d 374).

We find, however, that the defendant's conviction of robbery in the first degree under count two of the indictment must be reversed. As this court has recently observed, "[i]n order to support a conviction for robbery in the first degree under Penal Law § 160.15 (4), the evidence adduced, when viewed in the light most favorable to the People, must establish beyond a reasonable doubt that during the course of the commission of the crime * * * the defendant *displayed* what appeared to be a firearm" *(People v Carrington,* 127 AD2d 677, *lv denied* 69 NY2d 1002; *see also, People v Baskerville, supra,* at 381; *cf., People v Adams,* 69 NY2d 805). Further, "[i]n this regard, '[t]he defendant must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking' " *(People v Carrington, supra,* at 677, quoting from *People v Baskerville, supra,* at 381). Moreover, the defendant's display of what appears to be a firearm "must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm" *(People v Baskerville, supra,* at 381; *People v Carrington, supra).* Although at bar the People concede that victim Alma Thomas neither saw nor touched the firearm

allegedly displayed by the defendant, they nevertheless argue that they have sustained their burden with respect to the victim's witnessing the display of a firearm since it is inferable from the record that Ms. Thomas was "aware" of the weapon's existence. We disagree. There is no evidence in the record establishing that Ms. Thomas in any sense witnessed the defendant's alleged display of a firearm through sight, touch or sound *(see, People v Baskerville, supra; People v Adams, supra)*. Although Ms. Thomas testified that "they"—apparently referring to the defendant—announced that "everybody is walking tonight" and that "they" were going to "start shooting holes" in the taxicab where the robbery took place, the prosecutor's direct examination of Ms. Thomas clearly revealed that she had not, in any sense, witnessed the defendant's alleged display of a firearm. In fact, when the prosecutor questioned Ms. Thomas in this respect, she specifically stated that she had not observed a gun in the defendant's possession and had not heard anything. In light of the foregoing, the defendant's conviction under count two of the indictment must be reversed. Since, however, there was legally sufficient evidence to establish the defendant's guilt of robbery in the third degree, we have reduced the defendant's conviction under count two of the indictment accordingly *(see,* Penal Law § 160.05; *cf., People v Green,* 56 AD2d 610).

We further conclude that the defendant's conviction of unauthorized use of a motor vehicle in the first degree under count seven of the indictment must be reversed as it is unsupported by the evidence adduced at trial. Although the defendant—who was last observed seated in the rear of the cab—and another man seated in the front, who was not a participant in the crime, were the only remaining occupants of the cab prior to its departure, there was no testimony elicited in respect to the identity of the person operating or exercising control over the operation of the vehicle as it left the scene. Since the record does not contain sufficient evidence from which the defendant's control or operation of the cab can reasonably be inferred, the defendant's conviction under this count of the indictment must be reversed. We conclude that the sentence imposed with respect to count one of the indictment was excessive, and in the interest of justice, we have exercised our discretion to reduce it to the extent indicated.

We have reviewed the defendant's remaining contentions and find them to be without merit. Mollen, P. J., Rubin, Kooper and Sullivan, JJ., concur.