■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEMETRIOUS SMITH, Appellant.—Appeal by the defendant from a judgment of the County Court, Westchester County (Nicolai, J.), rendered December 12, 1985, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The testimony of the complainant, the only witness to the crime, was that on the evening of the crime, the defendant, who had been a customer in the complainant's store on previous occasions, after being in the store for approximately 15 minutes approached him while he was standing behind the counter at the cash register, held out a plastic bag and

ordered him to put his money into it. When he did not comply at once, the defendant put his right hand deep inside the pocket area of his jacket and said "Come on, man, put the money in or I'll blow you away". Thinking that the defendant had "a gun or something", the complainant handed him the money and the defendant fled.

It is clear that the intention of the defendant was to create in the mind of his victim the impression that he was carrying a gun when he placed his hand in his pocket and threatened to "blow away" the complainant. While the objective aspect of Penal Law § 160.15 (4), which governs the commission of robbery in the first degree by the display of what appears to be a firearm must always be kept in mind (see, People v Baskerville, 60 NY2d 374, 381), the entire circumstances must be taken into account to determine whether there was a "[d]isplay [of] what appears to be a * * * firearm". The two recent cases of People v Copeland (124 AD2d 669, lv denied 69 NY2d 710) and People v Carrington (127 AD2d 677), the former holding that a mere gesture is not enough and the latter that there must be a "conscious display" of what appears to be a firearm, illustrate the composite view that must be taken of the evidence. In the case at bar, when the defendant's action is viewed in combination with his utterance, there was a sufficient representation and display to bring his actions within the meaning of the statutory definition of robbery in the first degree.

Finally, viewing the evidence in the light most favorable to the People (People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the determination of the jury that the defendant was the perpetrator of the crime. Bracken, J. P., Kunzeman, Eiber and Kooper, JJ., concur.