■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL GREEN, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Copertino, J.), rendered August 19, 1985, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

As the hearing court found, there was no evidence to support the defendant's contention that certain identification procedures used by the police to identify him as one of the perpetrators of crimes committed on December 7, 1984 at the Wyandanch railroad station were suggestive or likely to result in mistaken identification. Furthermore, viewing the evidence of the defendant's guilt in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to prove his guilt beyond a reasonable doubt, and, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

We reject the defendant's argument that his conviction of the robbery in the first degree of Larry Lindsey (count 2) must

be modified to a conviction of robbery in the third degree because Lindsey did not testify that he saw the display of a gun *(see, People v York,* 134 AD2d 637). Two other victims in the case at bar saw Lindsey surrender his coat in response to the appearance of a gun and Lindsey, unlike the victim in *People v York (supra),* did not testify otherwise.

We have reviewed the defendant's remaining contention that he should have been adjudicated a youthful offender and find it to be without merit in view of the seriousness of the crimes committed. Thompson, J. P., Bracken, Eiber and Spatt, JJ., concur.