■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RICHARD HERNANDEZ, Respondent.—Appeal by the People from (1) a decision of the Supreme Court, Kings County (Slavin, J.), dated August 12, 1987, which granted, on default, those branches of the defendant's omnibus motion which were to suppress identification evidence and the defendant's statements to the police, and (2) an order of the same court, dated March 14, 1988, entered upon the decision.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision; and it is further,

Ordered that the order is reversed, on the law, and the matter remitted to the Supreme Court, Kings County, for further proceedings consistent herewith.

Although a pretrial hearing in this case charging the defendant with murder in the second degree was scheduled to commence on July 13, 1987, both parties requested adjournments resulting in the rescheduling of the hearing to August 11, 1987. On August 11, however, and again on August 12, neither the People's witness nor the prosecutrix assigned to the case was present. The court was informed that the prosecutrix was absent because a family emergency had arisen necessitating her presence at a Brooklyn hospital. On August 12, the prosecutor who appeared before the court represented that the People would be ready to proceed on August 13 and requested a one-day adjournment. The court replied, "I will give you a choice. I will either grant the Wade and the Huntley on default or I will adjourn the case until two o'clock tomorrow on your consent to parole the defendant". The People would not consent, and the court granted suppression on default. This appeal ensued.

Although it is well settled that requests for adjournments are addressed to the court's sound discretion *(see, People v Spears,* 64 NY2d 698, 699; *People v Foy,* 32 NY2d 473, 476), we conclude that the court improvidently exercised its discretion in declining to grant the People's reasonable request for a one-day adjournment. This court has observed that, "[a]s a general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and there is a showing of some diligence and good faith" *(People v Brown,* 78 AD2d 861; *see also, People v Daniels,* 128 AD2d 632, *lv denied* 70 NY2d 645; *People v Africk,* 107 AD2d 700). Under the circumstances, we are satisfied that all of the foregoing criteria have been met. In light of the relatively minor delays which had previously ensued, the brevity of the adjournment requested and the gravity of the charges against the defendant, it is our view that the court erred in declining to accede to the People's reasonable request for a one-day adjournment. Mollen, P. J., Eiber, Kooper and Harwood, JJ., concur.