■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES BROWN, Appellant.—Judgment, Supreme Court, New York County (Juanita Bing Newton, J.), rendered April 21, 1988, convicting defendant, after a jury trial, of robbery in the first degree (Penal Law § 160.15 [4]) and sentencing him as a second violent felony offender (CPL 400.15) to an indeterminate term of imprisonment of 12½ years to 25 years, unanimously affirmed.

On the afternoon of September 17, 1986, the defendant entered a business establishment on the twelfth floor of 1560 Broadway in Manhattan and with his hand "bunched" in his pocket and pointed forward, passed a note to the sole employee in the office. The note read that there were other men in the hallway with guns and that the guns would be used unless the employee gave him all the money in the office. The

employee testified that she believed that the defendant had a gun in his pocket. The defendant removed a distinctly folded $5 bill and other currency from the employee's handbag, pulled a telephone from the wall and fled. The defendant was arrested and identified by the employee within 15 minutes. The $5 bill and other money were found on his person and the handwritten note was recovered from a stairway. A handwriting expert offered his opinion that Brown had written the robbery note.

The defendant presented no evidence.

This court granted leave to appeal in forma pauperis and further granted defendant permission to file a supplemental *pro se* brief.

Citing *People v Baskerville* (60 NY2d 374 [1983]), the defendant contends that the evidence was insufficient to establish that he displayed what appeared to be a firearm. More specifically, he contends that the employee's testimony, that for much of the incident she observed that both of the defendant's hands were outside of his pockets, is inconsistent with a reasonable belief that he had a gun.

In *People v Baskerville (supra)* the Court of Appeals held that the display of any object that appears to be a firearm, though held inside a coat or otherwise obscured, justifies a conviction under Penal Law § 160.10 (2) (b) or Penal Law § 160.15 (4) (robbery first or second degree; forcibly stealing property while displaying a firearm). The court pointed out that, first, the defendant must consciously display something that could reasonably be perceived as a firearm and, second, it must appear to the victim by sight, touch or sound that the victim is being threatened with a firearm. Thus, in *People v Baskerville,* the court concluded that the defendant was properly convicted under Penal Law § 160.15 (4) where a towel wrapped around the robber's arm concealed a black object, which the victim believed to be a gun, and the robber had raised that arm towards the victim and had threatened to kill the victim.

In this case, the jury could have found that the defendant's conduct in placing a "bunched" hand in his pocket, together with the robbery demand note which threatened the use of a weapon, consciously manifested the presence of an object in such a manner that the employee reasonably perceived that Brown was displaying a weapon. *(See, People v Lopez,* 73 NY2d 214, 221-222 [1989] [hand inside jacket and announcing a "stickup" reasonably led to conclusion that defendant was displaying a firearm].)

The defendant's counsel argues that Brown was denied a fair trial because the Trial Judge failed to inquire whether a juror, who appeared to have been sleeping, had missed any of the testimony and was therefore grossly unqualified to serve. (CPL 270.35.)

Defense counsel did not request an in camera interview of the juror, nor did he object to the Trial Judge's inquiry by means of personally observing the jurors. However, immediately after defense counsel first mentioned the defendant's concern to the court, the Trial Judge reminded the jury of their function and instructed them to listen carefully. Thereafter, the court observed the jurors to see if they were paying attention. Having determined that they were attentive, it was a proper exercise of discretion to deny the defense motion for a mistrial. (CPL 270.35.)

Finally, the defendant, who has several prior felony convictions and who at the time of the instant offense was on parole for a conviction of robbery in the first degree for which he had been sentenced to 6 to 12 years' imprisonment, was properly sentenced as a second violent felony offender. (CPL 400.15.) Concur—Kupferman, J. P., Ross, Asch, Smith and Rubin, JJ.