■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIE ROBINSON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Starkey, J.), rendered July 6, 1988, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that judgment is affirmed.

The complaining witness testified that the defendant confronted her and that she noticed a large bulge in the waistband of his sweatpants. The bulge was visible because the defendant's "shirt was clinging to him because of the rain". This witness also testified that the defendant informed her that he had a gun but that he did not "want to spill [her] blood". Contrary to the defendant's sole argument on appeal, the fact that he may not have actually pointed to the gun with his hand does not alter the fact that he "consciously display[ed] something that could reasonably be perceived as a firearm" *(People v Baskerville,* 60 NY2d 374, 381; *see also, People v Lopez,* 73 NY2d 214, 220; *People v Parker,* 163 AD2d 682; *People v Brown,* 160 AD2d 172). The defendant clearly displayed an object which could reasonably be perceived as a handgun *(cf., People v Copeland,* 124 AD2d 669), and also made an express threat that he would use the handgun, if necessary, thus permitting an inference that his display of this object was a conscious one *(cf., People v Carrington,* 127 AD2d 677). Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Mangano, P. J., Kunzeman, Eiber and Balletta, JJ., concur.