■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CRAIG SINGLETON, Appellant.—Judgment, Supreme Court, New York County (Rose Rubin, J.), rendered April 14, 1989, convicting defendant after jury trial of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and fourth degrees, and sentencing him to concurrent, indeterminate terms of

imprisonment of six to twelve years (two terms) and three to nine years, respectively, unanimously modified, as a matter of discretion in the interest of justice, to dismiss the charge of criminal possession of a controlled substance in the fourth degree and to vacate the sentence imposed thereon, and otherwise affirmed.

Defendant's convictions result from his sale of two vials of crack to an undercover police officer for $20, and the discovery of an additional forty vials on the premises where the sale occurred.

As the People concede, since the fourth degree possession charge, while not a lesser included offense of third degree possession, arose from possession of the same forty vials of crack, dismissal of this count is appropriate. (See, People v Gaul, 63 AD2d 563, lv denied 45 NY2d 780.)

Defendant's claim that the evidence does not support his conviction for possessing the forty vials of crack is without merit. We find that the evidence presented at trial not only points logically to defendant's guilt, but excludes, to a moral certainty, every other reasonable hypothesis. (People v Robertson, 61 AD2d 600, 609, affd 48 NY2d 993.) Viewed in the light most favorable to the People (People v Benzinger, 36 NY2d 29, 32), the evidence shows that defendant was the source of the vials that were sold to the undercover officer as well as those found on the two persons arrested with defendant. (Cf., People v Morales, 162 AD2d 128.)

Defendant was in apparent control of the premises. The possibility that the other two men had some connection with the premises is not entirely excluded by the evidence, but even that possibility does not point to defendant's innocence, since several people can possess drugs jointly (People v Tirado, 38 NY2d 955, 956). There is no basis upon which to conclude that either of the other men were on the premises when the undercover officer completed the transaction or that either one of them could have brought the forty vials onto the premises without defendant's culpable participation.

Defendant's remaining claims are unpreserved. Were we to reach them in the interest of justice we would find them to be without merit. Defendant did not request that the court conduct a formal inquiry or otherwise challenge the court's statement that one of the jurors had not been sleeping (People v Brown, 160 AD2d 172, 174, lv denied 76 NY2d 785), and defendant consented to the discharge of a sworn juror who wanted to attend a funeral. Concur—Milonas, J. P., Rosenberger, Ellerin, Kassal and Smith, JJ.