■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK DEACON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (Miller, J.), rendered January 12, 1990, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The court did not improvidently exercise its discretion in declining to grant a continuance to permit defense counsel to speak with a subpoenaed, incarcerated, and uncooperative

witness. While as a " 'general matter of policy, requests for brief adjournments to secure witnesses should be granted where the witness is identified, is within the court's jurisdiction and there is a showing of some diligence and good faith' " *(People v Hernandez,* 146 AD2d 646, 647; *People v Brown,* 78 AD2d 861), the denial of an adjournment is proper "where it does not appear that the evidence to be supplied by the proposed witness is material or relevant" *(People v Benn,* 172 AD2d 756). In the instant case, the court's reliance upon discussions with the Department of Corrections that this witness refused to testify since he was not present at the time of the offense in question and would, therefore, be unable to provide any relevant information, was proper. Notably, the defense counsel eventually met with this witness and declined to call him on behalf of the defense based upon the fact that the witness "was not present in the building at the time when the murder was allegedly committed"; precisely the reason given by the court in denying the defense counsel's prior motion for a continuance.

The defendant's contention that the verdict sheet submitted to the jury was not proper is not preserved for appellate review since he failed to object to its submission *(see,* CPL 470.05; *People v Mathis,* 150 AD2d 613), and we decline to review it in the exercise of our interest of justice jurisdiction *(see, People v Palumino,* 172 AD2d 568).

Also without merit is the defendant's claim that he was denied the right to be present at all material stages of the trial. Essentially, a defendant's "presence is required only where his absence would have a substantial effect on his ability to defend" *(People v Velasco,* 77 NY2d 469, 472, citing *Snyder v Massachusetts,* 291 US 97, 108; *People v Floyd,* 179 AD2d 770). Thus, where a defendant's absence does not prejudice him or affect his ability to defend, there is no deprivation of due process. We find that the court's communication to the jury in the defendant's absence, whereby the court notified the jurors that the proceedings were being adjourned because of counsel's illness and admonished them not to discuss the case with anyone and to try and keep the testimony they had already heard in mind, was merely "a ministerial communication" which was wholly unrelated to the substantive legal or factual issues of the trial *(People v Harris,* 76 NY2d 810). "Consequently, it cannot be said that defendant's presence during this communication would have borne any relation, let alone any reasonably substantial relation, to his opportunity to defend against the charges. His presence, therefore, was not

constitutionally required" *(People v Harris, supra,* at 812, citing *Snyder v Massachusetts,* 291 US 97, 105-106, *supra).*

The sentence imposed was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]), or without merit. Bracken, J. P., Lawrence, Eiber and Santucci, JJ., concur.