■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD RAY, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Finnegan, J.), rendered July 26, 1990, convicting him of burglary in the first degree, burglary in the second degree, criminal possession of a weapon in the second degree, criminal possession of stolen property in the fourth degree, resisting arrest, and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the defendant's conviction of burglary in the first degree under the first count of the indictment and the sentence imposed thereon; as so modified, the judgment is affirmed. No questions of fact have been raised or considered.

The complainant, who had just returned home, heard noises emanating from the second story of his house, and upon finding his shotgun missing from its place behind a couch, immediately ran to a neighbor's residence to summon the police. As the responding officer waited behind a tree, the defendant exited through the side door carrying the shotgun in both hands, and, according to the officer's testimony, using it to hold bags of other items in his arms. When the officer demanded that he "freeze", the defendant reentered the house. Shortly thereafter, the defendant jumped from a second-story window and fled through neighboring yards until he was captured and subdued. Various items of stolen property taken from the complainant's house were found on the defendant's person.

The evidence presented was insufficient to demonstrate that the defendant "consciously display[ed]" the shotgun "with the intent of compelling an owner of property to deliver it up or

for the purpose of preventing or overcoming resistance to the taking" *(People v Baskerville,* 60 NY2d 374, 381; *see also, People v Smith,* 142 AD2d 619; *People v Moore,* 134 AD2d 530; *People v Robinson,* 170 AD2d 702; *cf., People v Smith,* 182 AD2d 725). That the defendant possessed the firearm, without more, does not satisfy this requirement of "conscious display" *(see, People v Carrington,* 127 AD2d 677). Furthermore, although the complainant testified that he had been "a little leery" when he saw the defendant in possession of his shotgun, which he believed to be loaded, neither he nor the arresting officer testified that they believed that they were being threatened with use of the gun *(see, People v Taylor,* 133 AD2d 866; *cf., People v Watts,* 151 AD2d 307; *People v Brown,* 160 AD2d 172; *People v Parker,* 163 AD2d 171; *People v Carrington, supra).*

The defendant contends that he was denied due process of law because he was not present at the *Sandoval* conference held in the court's chambers. This contention, raised for the first time after the conclusion of trial, is without merit *(see, People v Floyd,* 179 AD2d 770). There is no indication that the parties attached any significance to the defendant's absence or that any dispute concerning the defendant's criminal record was raised at the conference *(cf., People v Jenkins,* 157 AD2d 854). The defendant has failed to demonstrate that he was in any way prejudiced by his absence from the *Sandoval* conference or that his ability to defend himself was in any way compromised *(see, People v Floyd, supra).*

We have reviewed the defendant's contention that his sentence was excessive, and find it to be without merit. Mangano, P. J., Bracken, Balletta and O'Brien, JJ., concur.