■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENNETH T. MANGARELLA, Appellant.—Appeal by the defendant from a judgment of the County Court, Suffolk County (Mallon, J.), rendered May 14, 1991, convicting him of criminal possession of a weapon in the third degree (three counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Based upon the testimony of a police officer—the only witness to testify at the suppression hearing—the hearing court upheld the seizure of guns from the defendant's home-made vehicle pursuant to the automobile exception to the search warrant requirement (see, People v Orlando, 56 NY2d 441, 446). This determination was proper (see, People v Prochilo, 41 NY2d 759).

There is no merit to the defendant's claim that reversible error occurred when the prosecutor elicited testimony regarding his alleged possession of a weapon some months prior to the instant offense. This testimony, he contends, constituted evidence of an uncharged crime. However, the prior observation of the handgun in question was "inextricably intertwined" with the subsequent seizure of the gun in the defendant's vehicle and the defendant's arrest (see, People v Davis, 169 AD2d 774, 775; People v Blair, 186 AD2d 665; People v Ely, 68 NY2d 520, 529; People v Vails, 43 NY2d 364). Such evidence was properly introduced to prove the defendant's ultimate possession of a weapon which he claimed he had never seen before.

The trial court's denial of the defendant's motion for a continuance did not constitute an improvident exercise of

discretion *(see, People v Rodriguez,* 188 AD2d 494; *People v Hernandez,* 146 AD2d 646; *People v Spears,* 64 NY2d 698, 699; *People v Foy,* 32 NY2d 473).

We find that the court erred in admitting testimony on the People's direct case that the defendant remained silent when a police officer asked him if a bag he had been carrying contained handguns *(see, People v De George,* 73 NY2d 614). Nevertheless, the error was harmless beyond a reasonable doubt in light of the overwhelming evidence of guilt *(see, People v Basora,* 75 NY2d 992; *People v Crimmins,* 36 NY2d 230, 237).

The defendant's remaining contentions are either unpreserved for appellate review (CPL 470.05 [2]) or without merit. Thompson, J. P., Bracken, Sullivan and Balletta, JJ., concur.