◼ The People of the State of New York, Respondent, v Denisher Moon, Appellant. [613 NYS2d 377] —Judgment of the Supreme Court, Bronx County (Irene Duffy, J.), rendered January 19, 1993 convicting defendant, after jury trial, of robbery in the first degree (displays what appears to be a firearm), robbery in the second degree (aided by another person actually present), and criminal possession of stolen property in the fifth degree and sentencing him to concurrent terms of 5½ to 11 years, 3 to 6 years, and 1 year, respectively, on the trial convictions, which run consecutive to concurrent terms of 4½ to 9 years and 3 to 6 years on guilty pleas to robbery in the first and second degrees, respectively, is unanimously modified, on the law, to reverse the conviction of robbery in the first degree and vacate the sentence imposed therefor, and otherwise affirmed.

The People failed to establish an essential element of robbery in the first degree, i.e., that defendant "[d]isplays what appears to be a * * * firearm" (Penal Law § 160.15 [4]) to the victim. While there was evidence from a non-victim witness that one of the two defendants stood nearby with his hand in his jacket gesturing in a manner from which it could be inferred he had a gun, the victim, although specifically asked at trial, never indicated that he saw such a display. In the appropriate case, of course, other witnesses can supply the requisite testimony that the victim observed the display (see, e.g., People v Green, 143 AD2d 144, lv denied 72 NY2d 1045). Here, however, the proof on this point was clearly insufficient. This record fails to disclose any evidence that the victim, in this fast paced encounter, saw, felt or, in any way, was aware of the display of a firearm.

Accordingly, we modify to reverse the defendant's conviction on this count and vacate the sentence imposed thereon. Concur—Sullivan, J. P., Wallach, Kupferman, Asch and Tom, JJ.