■ In the Matter of NICHOLAS M., a Person Alleged to be a Juvenile Delinquent, Appellant. [783 NYS2d 624]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal, as limited by the brief, is from so much of an order of disposition of the Family Court, Queens County (Bogacz, J.), dated September 30, 2003, as, upon a fact-finding order of the same court dated July 29, 2003, made after a hearing, finding that the appellant had committed acts which, if committed by an adult, would have constituted the crimes of menacing in the second degree as a hate crime and disruption of religious service, adjudged him to be a juvenile delinquent. The appeal brings up for review the fact-finding order dated July 29, 2003.

Ordered that the order of disposition is modified, on the law and as a matter of discretion in the interest of justice, by deleting the provision thereof adjudicating the appellant to be a juvenile delinquent based upon the finding that he committed an act which, if committed by an adult, would have constituted the crime of menacing in the second degree as a hate crime and substituting therefor a provision dismissing the first count of the petition; as so modified, the order of disposition is affirmed insofar as appealed from, without costs or disbursements, and the fact-finding order is modified accordingly.

The appellant failed to preserve for appellate review his contention that the evidence was legally insufficient to establish beyond a reasonable doubt that a "religious service" was in progress at the time of the incident to sustain the charge of disruption of religious service, also known as aggravated disorderly conduct (Penal Law § 240.21; cf. CPL 470.05 [2]; Matter of Tonia B., 239 AD2d 572 [1997], lv denied 91 NY2d 803 [1997], cert denied sub nom. Tonia B. v City of New York, 524 US 917 [1998]). In any event, the contention is without merit. Viewing the evidence in the light most favorable to the presentment agency (cf. People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that a "religious service" was in progress at the time of the incident (Penal Law § 240.21). Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses (see Matter of Nicholas D., 300 AD2d 585

[2002]). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see Matter of Kashawn B., 4 AD3d 469 [2004], lv denied 2 NY3d 707 [2004]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (cf. CPL 470.15 [5]).

The appellant also failed to preserve for appellate review his contention regarding the legal sufficiency of the evidence of menacing in the second degree as a hate crime (cf. CPL 470.05 [2]). However, we reach the issue in the exercise of our discretion in the interests of justice and find that the evidence was legally insufficient to establish that the appellant had committed an act which, if committed by an adult, would have constituted the crime of menacing in the second degree as a hate crime beyond a reasonable doubt. The presentment agency did not establish that any of the intended victims actually perceived the appellant display what appeared to be a firearm (see Penal Law § 120.14 [1]; 160.15; People v Baskerville, 60 NY2d 374, 381 [1983]; People v York, 134 AD2d 637 [1987]; see also Donnino, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 120.15). Thus, the finding of menacing in the second degree as a hate crime must be vacated and that count of the petition dismissed.

The appellant's remaining contentions either are academic, improperly raised for the first time in his reply brief, or without merit. Florio, J.P., Luciano, Schmidt and Rivera, JJ., concur.