■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARTESE SLATER, Appellant. [786 NYS2d 602]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered August 8, 2002, upon a verdict convicting defendant of the crimes of robbery in the first degree and robbery in the second degree.

On the evening of November 18, 2001, four individuals robbed the "Corner Store," a convenience store located at 20 North Manning Boulevard in the City of Albany. Following their arrests, Luther Harris, Myava Murphy and defendant were charged in a two-count indictment with robbery in the first degree and robbery in the second degree. Kadesha Miller was also arrested and charged in the incident. Prior to trial, Miller and Murphy pleaded guilty and testified against defendant at his jury trial. Defendant was found guilty of both charges and sentenced, as a second felony offender, to concurrent prison terms of 24 years and 14 years, respectively, together with a five-year period of postrelease supervision.

Initially, defendant contends that the evidence was legally insufficient to support his convictions. He argues that the proof was insufficient to establish the element of robbery in the first degree requiring that a participant in the crime display what appears to be a firearm (see Penal Law § 160.15 [4]). Although, "the display must actually be witnessed in some manner by the victim" (*People v Baskerville,* 60 NY2d 374, 381 [1983]), "the victim's perception, need not be visual, but may be limited to touch or sound" (*People v Lopez,* 73 NY2d 214, 220 [1989]; *see People v Baskerville, supra* at 381). Here, although the primary victim, Ali Elmnteser, the store clerk at the register, did not testify at trial, there was other proof from which the jury could reasonably infer that Elmnteser perceived that defendant was armed with a gun during the commission of the robbery. Miller testified that she saw defendant enter the store with a gun, put his hand around Elmnteser's neck and point the gun to his head. She further stated that defendant demanded money, pointed the gun at the wall and fired a shot. Murphy testified that she also observed defendant enter the store, point a gun at Elmnteser and "choke" him. She stated that defendant hit Elmnteser over the eye, demanded money and fired a shot past his head. Additionally, both witnesses indicated that Elmnteser surrendered the money. Albany Police Officer Brian Greagan testified that while he was driving in the general vicinity of the store on the same night, he heard a gun shot and, within a few minutes, heard the radio broadcast for a robbery at the store. Viewing the evidence in its totality, we are satisfied that

"defendant's conduct could reasonably lead [Elmnteser] to believe that a gun [was] being used during the robbery" (*People v Lopez, supra* at 220).

Defendant also argues that there was insufficient evidence of physical injury to sustain his conviction for robbery in the second degree (*see* Penal Law § 160.10 [2] [a]). Physical injury is defined as "impairment of a physical condition or substantial pain" (Penal Law § 10.00 [9]; *see People v Colantonio,* 277 AD2d 498, 499 [2000], *lv denied* 96 NY2d 781 [2001]). Here, although a hospital notation indicated at one point that Elmnteser made no complaint of pain, this record indicates that Elmnteser sustained a laceration above his right eyelid which bled, caused swelling and required two sutures to close. Under the circumstances, the jury could rationally conclude that this type of injury would result in substantial pain (*see People v Fallen,* 194 AD2d 928, 928 [1993], *lv denied* 82 NY2d 753 [1993]). Therefore, viewing the evidence above in the light most favorable to the People, we find that there are valid lines of reasoning and permissible inferences which could lead rational jurors to the conclusions reflected in their verdicts (*see People v Bleakley,* 69 NY2d 490, 495-496 [1987]; *People v McKnight,* 306 AD2d 546, 547 [2003], *lvs denied* 100 NY2d 593, 596, 599 [2003]) that defendant was guilty of first and second degree robbery beyond a reasonable doubt. Furthermore, contrary to defendant's contention, after weighing the relative probative force of conflicting testimony and the inferences drawn therefrom, we find the verdicts are not against the weight of the evidence (*see People v Bleakley, supra* at 495; *People v Almarez,* 2 AD3d 1151, 1152 [2003], *lv denied* 2 NY3d 761 [2004]).

Next, we find unpersuasive defendant's claim that County Court erred when it refused to give the jury a missing witness instruction with respect to the People's failure to call Elmnteser. Under the circumstances of this case, that request, made after the close of the evidence, was untimely (*see People v Williams,* 294 AD2d 133 [2002], *lv denied* 98 NY2d 703 [2002]; *People v Maloney,* 233 AD2d 681, 682 [1996]).

Defendant's remaining contentions have not been preserved for appellate review by appropriate objection or request (*see* CPL 470.05 [2]; *People v Wright,* 5 AD3d 873, 875 [2004], *lv denied* 3 NY3d 651 [2004]) and, in any event, are unpersuasive.

Mercure, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.