In the Matter of JASON R.G., a Person Alleged to be a Juvenile Delinquent, Appellant. [804 NYS2d 420]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of disposition of the Family Court, Suffolk County (Freundlich, J.), entered February 24, 2005, which, upon a fact-finding order of the same court dated January 20, 2005, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of menacing in the second degree, adjudged him to be a juvenile delinquent, and placed him on probation for a period of two years, and (2) an order of protection of the same court dated February 14, 2005. The appeal from the order of disposition brings up for review the fact-finding order dated January 20, 2005.

Ordered that the appeal from the order of protection is dismissed as abandoned, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court determined that the evidence was legally sufficient to establish, beyond a reasonable doubt, that the appellant displayed a deadly weapon with the intent to place the complainant in reasonable fear of physical injury. We agree.

At the fact-finding hearing, the complainant testified that on November 19, 2004, he was walking home with his friend Vincent B. when he observed the appellant standing across the street with Douglas B. The complainant testified that he saw Douglas hand the appellant a knife which the appellant concealed under his sleeve. The appellant then crossed the street and began walking alongside the complainant and Vincent. When the appellant grabbed the complainant, the complainant ran down the street and the appellant chased him, threatening to kill him. The appellant caught up to the complainant and a scuffle ensued. When the complainant broke free, the appellant reached his hand into his clothing where the complainant believed the knife to be sheathed while continuing to threaten him. The complainant, believing that the appellant was reaching for the knife and would kill him, ran and knocked on the front door of a nearby residence, and the appellant fled.

Viewing the evidence in the light most favorable to the presentment agency (cf. *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant displayed a deadly weapon with the intent to place the complainant in reasonable fear of physical injury. Under the circum-

stances, the presentment agency established, beyond a reasonable doubt, that the appellant committed an act which, if committed by an adult, would have constituted the crime of menacing in the second degree (*see* Penal Law § 120.14 [1]; *Matter of Nicholas M.*, 11 AD3d 545 [2004]). Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.