■ In the Matter of ROHAN McM., Appellant. [806 NYS2d 428]—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Lubow, J.), dated January 10, 2005, which, upon a fact-finding order of the same court dated November 29, 2004, made after a hearing, finding that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), forcible touching, sexual abuse in the third degree (two counts), and unlawful imprisonment in the second degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of 12 months. The appeal brings up for review the fact-finding order dated November 29, 2004.

Ordered that the order of disposition is affirmed, without costs or disbursements.

Viewing the evidence in the light most favorable to the presentment agency (*see Matter of Troy J.*, 22 AD3d 581 [2005]; *People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would have constituted the crimes of sexual abuse in the first degree (two counts), sexual abuse in the second degree (two counts), forcible touching, sexual abuse in the third degree (two counts), and unlawful imprisonment in the second degree.

Moreover, resolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the Family Court, which saw and

heard the witnesses. Its determination should be accorded great weight on appeal, and should not be disturbed unless clearly unsupported by the record (*see Matter of Nicholas M.*, 11 AD3d 545 [2004]; *Matter of Benjamin J.*, 10 AD3d 608 [2004]). Upon the exercise of our factual review power, we are satisfied that the findings of fact were not against the weight of the evidence (*see* CPL 470.15 [5]). Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.