■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILLIP TAYLOR, Appellant. [815 NYS2d 90]—

Judgment, Supreme Court, Bronx County (Troy K. Webber, J.), rendered November 18, 2002, convicting defendant, after a jury trial, of attempted robbery in the first and second degrees and criminal possession of a weapon in the fourth degree, and sentencing him to an aggregate term of seven years, unanimously affirmed.

Since defendant never objected, on constitutional grounds, to the admission of a nontestifying codefendant's plea allocution (*see People v Kello*, 96 NY2d 740, 743-744 [2001]; *People v Maher*, 89 NY2d 456, 462-463 [1997]; *compare People v Hardy*, 4.NY3d 192, 197 n 3 [2005]), and since, in any event, he withdrew his objection completely, his Confrontation Clause claim is unpreserved and we decline to review it in the interest of justice. "Although defendant's trial occurred before the decision of the United States Supreme Court in *Crawford v Washington* (541 US 36 [2004]), that circumstance does not affect defendant's obligation to make a proper constitutional claim, as opposed to a claim grounded in state evidentiary law" (*People v Lopez*, 25 AD3d 385, 386 [2006]). Were we to review this claim, we would conclude that, as the People concede, the plea allocution was inadmissible under *Crawford*. However, we would find such error to be harmless, even under the standard for constitutional error (*see e.g. People v Douglas*, 4 NY3d 777 [2005]; *People v Saenz*, 27 AD3d 379 [2006]), because the other evidence supporting the jury's guilty verdict is strong and, as the court instructed the jury, the plea allocution was only received for its bearing on whether defendant acted in concert with another person.

When the court adjourned the case outside defendant's presence because defense counsel was ill, and gave the jurors the standard instructions not to visit the scene, discuss the case

with anyone, or read media reports, this did not violate defendant's right to be present at all material stages of the trial. There was no prejudice to defendant's ability to defend, because the court was performing a ministerial function that was wholly unrelated to the substantive legal or factual issues of the trial (*People v Deacon*, 183 AD2d 843, 844-845 [1992], *lv denied* 80 NY2d 974 [1992]).

We have considered and rejected the claims contained in defendant's pro se supplemental brief. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Malone, JJ.