■ In the Matter of TAFARI S., Appellant. [922 NYS2d 448]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, Tafari S. appeals from an order of disposition of the Family Court, Kings County (Turbow, J.), dated June 17, 2010, which, upon a fact-finding order of the same court dated April 30, 2010, made after a hearing, finding that he had committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and menacing in the second degree, adjudged him to be a juvenile delinquent, and placed him in the custody of the New York State Office of Children and Family Services for a period of 18 months, with a minimum placement period of 6 months and without credit for time served. The appeal from the order of disposition brings up for review the fact-finding order.

Ordered that the order of disposition is modified, on the law and the facts, (1) by deleting the provisions thereof adjudicating the appellant a juvenile delinquent based upon the findings that he committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree and menacing in the second degree, and (2) by adding

provisions thereto adjudicating the appellant a juvenile delinquent based upon findings that he committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the third degree and menacing in the third degree; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The evidence was legally insufficient to establish beyond a reasonable doubt that the then 15-year-old appellant committed acts which, if committed by an adult, would have constituted the crimes of attempted robbery in the second degree (*see* Penal Law §§ 110.00, 160.10 [2] [b]) and menacing in the second degree (*see* Penal Law § 120.14 [1]). Here, the arresting officer observed the appellant take a gun from his waist, point the gun at the victim's right side, and touch the victim's side with the gun as he pulled the victim's purse strap from her shoulder. However, the victim testified, inter alia, that she did not know what caused the "poke" which she felt in her side, that she did not see anyone with a gun, and that she only observed the gun after it was dropped to the ground as the arresting officer approached. Accordingly, the presentment agency failed to establish that the victim "actually perceived" the display of what appeared to be a firearm (*People v Lopez*, 73 NY2d 214, 220 [1989]; *see* Penal Law § 160.10 [2] [b]; § 120.14 [1]; *People v Baskerville*, 60 NY2d 374, 381 [1983]; *Matter of Nicholas M.*, 11 AD3d 545 [2004]; *People v York*, 134 AD2d 637 [1987]). However, the evidence was legally sufficient to establish that the appellant committed acts which, if committed by an adult, would constitute the lesser crimes of attempted robbery in the third degree (*see* Penal Law §§ 110.00, 160.05) and menacing in the third degree (*see* Penal Law § 120.15), and we modify the findings accordingly.

Although the fact-finding order and the order of disposition must be modified in accordance with the foregoing, the matter need not be remitted to the Family Court, Kings County, for a new order of disposition because the period of placement imposed is appropriate and commensurate with the appellant's conduct (*see e.g. Matter of Robert C.*, 67 AD3d 790, 792-793 [2009]). Skelos, J.P., Leventhal, Austin and Miller, JJ., concur.