# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

560

KA 07-00633

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                           MEMORANDUM AND ORDER

JESSIE A. TURNER, DEFENDANT-APPELLANT.

---

LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered March 2, 2007. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts), robbery in the second degree (eight counts) and grand larceny in the third degree (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the surcharge imposed on the amount of restitution ordered from 10% to 5% and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of three counts of robbery in the first degree (Penal Law § 160.15 [4]), eight counts of robbery in the second degree (§ 160.10 [1]), and two counts of grand larceny in the third degree (former § 155.35). Defendant contends that County Court erred in characterizing the stop of defendant's vehicle by the police as a "stop and question" for which the police required only reasonable suspicion inasmuch as defendant was ultimately arrested, for which the police required probable cause. "Because that contention was not raised in defendant's pretrial omnibus motion or at the suppression hearing, it has not been preserved for our review" (*People v King*, 284 AD2d 941, *lv denied* 96 NY2d 920; *see People v Coleman*, 56 NY2d 269, 274; *People v Gonzalez*, 55 NY2d 887, 888).

Defendant further contends that the court erred in responding to a jury note submitted during deliberations on the issue whether the victims named separately in the three counts of robbery in the first degree had to be the persons who perceived that a participant in the robbery displayed "what appear[ed] to be a pistol, revolver, rifle, shotgun, machine gun or other firearm" (Penal Law § 160.15 [4]). We reject that contention. The court instructed the jury that "the perception of the use or threatened use of a gun by any person present

at the robbery is sufficient.  It need not be limited to the particular victim named in that count."  Given that the statute merely provides that the display need only be made at some point "in the course of the commission of the crime or of immediate flight therefrom" and does not specify who must view the display (§ 160.15), we conclude that the court's response to the jury note was proper (*see generally People v Williams*, 286 AD2d 918, 918, *lv denied* 97 NY2d 763).

As defendant contends and the People correctly concede, however, the court erred in imposing a restitution surcharge of 10%.  Penal Law § 60.27 (8) provides that the surcharge on the amount of restitution or reparation ordered shall not exceed 5% unless there is a showing "that the actual cost of the collection and administration of restitution or reparation in a particular case exceeds five percent of the entire amount of the payment or the amount actually collected . . . ."  Here, the record is devoid of any such evidence, to support the court's imposition of a 10% surcharge.  We therefore modify the judgment accordingly.  We have reviewed defendant's remaining contentions and conclude that none requires reversal or further modification of the judgment.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court