11-4724-cv
Taylor v. Rivera

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

PRESENT:   RENNA RAGGI,
                     PETER W. HALL,
                     CHRISTOPHER F. DRONEY,
                              *Circuit Judges*.

------------------------------------------------------------------------------------

PHILLIP A. TAYLOR,

                              *Petitioner-Appellant*,

                 v.                                                              No. 11-4724-cv

FRANK RIVERA,

                              *Respondent-Appellee*.

------------------------------------------------------------------------------------

APPEARING FOR APPELLANT:         SALLY WASSERMAN, ESQ., New York, New York.

APPEARING FOR APPELLEE:          MEGAN R. ROBERTS (Joseph N. Ferdenzi, *on the brief*), Assistant District Attorneys, *for* Robert T. Johnson, District Attorney, Bronx County, Bronx, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (P. Kevin Castel, *Judge*; Debra C. Freeman, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 29, 2011, is AFFIRMED.

Petitioner Phillip A. Taylor appeals from the denial of his petition for habeas relief from his New York State conviction, following a jury trial, for attempted robbery in the first and second degrees, see N.Y. Penal Law §§ 110, 160.10[1], 160.15[4], and criminal possession of a weapon in the fourth degree, see id. § 265.01[1]. This court granted a certificate of appealability on Taylor's sufficiency challenge to the "display" element of first-degree attempted robbery. We review de novo a district court's denial of a writ of habeas corpus. See Cornell v. Kirkpatrick, 665 F.3d 369, 374 (2d Cir. 2011). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Taylor contends that, under New York law, the display element demands that the victim directly perceive action by defendant that manifests the presence of a gun. He maintains that a victim's observation of another person's reaction to a defendant's actions, without more, is insufficient to satisfy the display element. In any event, Taylor asserts that victim Anthony Asson's particular observations of customer Pedro Martinez's reaction were insufficient to permit Asson to perceive that Taylor had displayed a gun. We are not persuaded.

Taylor's first argument effectively charges New York courts with failing to understand their own law regarding the display element of first-degree attempted robbery,

2

a matter not within the scope of our habeas review. "Our federal constitution does not dictate to the state courts precisely how to interpret their own criminal statutes," Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002), and "'[a] federal court may not issue the writ on the basis of a perceived error of state law,'" Santone v. Fischer, 689 F.3d 138, 148 (2d Cir. 2012) (quoting Pulley v. Harris, 465 U.S. 37, 41 (1984)). Here, although the First Department summarily rejected Taylor's sufficiency challenge, see People v. Taylor, 29 A.D.3d 450, 451, 815 N.Y.S.2d 90 (1st Dep't 2006), insofar as that decision was grounded in a determination that a victim need not himself see the defendant display a firearm to conclude that there had been the requisite display, that decision "was in no sense an arbitrary application of New York law"[1] and "nothing in federal constitutional law . . . prevented the Appellate Division" from reaching that conclusion. Santone v. Fischer, 689 F.3d at 149.

---

[1] The New York Court of Appeals has "broadly" construed the display requirement "to cover a wide range of actions which might reasonably create the impression in the mind of the victim that the robber is armed with a firearm," People v. Lopez, 73 N.Y.2d 214, 220–21, 538 N.Y.S.2d 788 (1989), noting that "an object can be 'displayed' without actually being seen by the victim even in outline," id. at 222. More recently, the Fourth Department has stated that N.Y. Penal Law § 160.15 "does not specify who must view the display." People v. Turner, 96 A.D.3d 1392, 1393, 946 N.Y.S.2d 347 (4th Dep't 2012). In light of this precedent, Taylor's citation to cases in which defendant took no action consciously manifesting the presence of a weapon to the testifying victim, see, e.g., People v. Ray, 184 A.D.2d 596, 584 N.Y.S.2d 620 (2d Dep't 1992); People v. York, 134 A.D.2d 637, 521 N.Y.S.2d 531 (2d Dep't 1987); People v. Carrington, 127 A.D.2d 677, 511 N.Y.S.2d 673 (2d Dep't 1987), or in which the victim did not perceive the presence of a weapon, see, e.g., In re Tafari S., 83 A.D.3d 1084, 922 N.Y.S.2d 448 (2d Dep't 2011), is not enough to demonstrate an arbitrary application of New York law.

3

Insofar as Taylor challenges the sufficiency of the inferential evidence in this case to prove display, he confronts a "twice-deferential" standard of review. See Parker v. Matthews, 132 S. Ct. 2148, 2152 (2012) (stating that (1) state court, on direct review, must uphold guilty verdict if evidence viewed in light most favorable to prosecution would permit any rational trier of fact to find essential elements of crime proved beyond a reasonable doubt and (2) habeas court may not upset state court rejection of sufficiency challenge unless objectively unreasonable); accord Santone v. Fischer, 689 F.3d at 148.

Here, Asson testified that, when he observed Martinez raise his arms after Taylor entered the store, he interpreted the action to mean that "something was wrong," "maybe a robbery," prompting him to lock himself in a bullet-proof cashier's booth and to call 911. J.A. 22. A rational jury could have concluded, from what Asson saw and did in response to what he saw Martinez do, that Asson thought Taylor had displayed a firearm. The reasonableness of such an inference was reinforced in this case by (1) Martinez's own testimony that he observed Taylor with a firearm; (2) police recovery of an operable shotgun from Taylor's vehicle 90 minutes after the robbery; and (3) the plea allocution of Michelle Clark, Taylor's accomplice, in which she stated that Taylor had a gun during the robbery. See People v. Turner, 96 A.D.3d 1392, 1393, 946 N.Y.S.2d 347 (4th Dep't 2012); People v. Slater, 13 A.D.3d 732, 733–34, 786 N.Y.S.2d 602 (3d Dep't 2004) (noting that, although victim was unavailable to testify at trial, "there was other proof from which the jury could reasonably infer that [victim] perceived that defendant was armed with a gun during the

4

commission of the robbery"). On this record, Taylor cannot show that it was objectively unreasonable for the First Department to reject his sufficiency challenge to the display element of first-degree attempted robbery under New York law. See Santone v. Fischer, 689 F.3d at 148.

We have considered Taylor's remaining arguments and conclude that they are without merit. The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

5