■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MOSES, Appellant.—

Defendant's contentions that the court's charge was biased in marshaling the evidence and omitted several fundamental legal principles, e.g., that the court had no opinion on the question of guilt or innocence, are not preserved as a matter of law, and we therefore decline to reach them (CPL 470.05). Were we to consider them in the interest of justice, we would nevertheless affirm, finding them to be without merit. The court's charge was in conformity with CPL 300.10 (2), did not unfairly marshal the evidence, and did not unfairly emphasize the People's evidence in its use of a hypothetical illustration having no similarity to the facts of this case and which did nothing to strengthen the People's position. A court may refer to a hypothetical example in its charge so long as it relates the facts of the particular case to the applicable law *(People v Jackson,* 45 AD2d 828, 829, *affd* 39 NY2d 64). Concur—Sullivan, J. P., Ross, Rosenberger, Kassal and Wallach, JJ.