■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN PARKER, Appellant.—Judgment, Supreme Court, New York County (Dennis Edwards, Jr., J.) rendered September 22, 1988, which convicted defendant, after jury trial, of two counts of attempted robbery in the second degree and sentenced him

to two concurrent 3½-to-7-year prison terms, unanimously affirmed.

The complainant was walking his dog on Fifth Avenue and 31st Street at 1:00 P.M. on March 12, 1988 when defendant and three cohorts surrounded him. They kicked his dog and searched his shirt and pants pockets while asking for money. The complainant had no money in his pockets since he kept it in his socks. Defendant then lifted up his jacket and displayed the black handle of what appeared to be a gun tucked in his waistband, and, looking directly at the complainant, said, "I'll take your lights out". The complainant eventually was able to break free and escape before any property was taken. Shortly thereafter, the complainant alerted the police, and a patrolman in the area discovered defendant and his cohorts on the street and arrested them. The complainant and the arresting officer testified at the trial.

On appeal, defendant contends that the evidence was insufficient to prove his guilt of attempted robbery in the second degree. Defendant was convicted of attempted robbery in the second degree under two theories—attempting to forcibly steal property, while aided by another person (Penal Law §§ 110.00, 160.10 [1]), and attempting to forcibly steal property while displaying what appeared to be a pistol (Penal Law §§ 110.00, 160.10 [2] [b]). Reviewing the evidence in a light most favorable to the People (*People v Malizia,* 62 NY2d 755), the record contains sufficient evidence to establish the elements of the crime under both counts. In order to meet the criteria of Penal Law § 160.10 (2) (b), the defendant "must consciously display something that could reasonably be perceived as a firearm with the intent of compelling an owner of property to deliver it up or for the purpose of preventing or overcoming resistance to the taking * * *. Furthermore, the display must actually be witnessed in some manner by the victim, i.e., it must appear to the victim by sight, touch or sound that he is threatened by a firearm * * *. When both of these requirements are satisfied, however, the true nature of the object displayed is, as concerns criminality, irrelevant". (*People v Baskerville,* 60 NY2d 374, 381.) Here, defendant's conscious display of the handle, witnessed by the victim, coupled with his threat, while his cohorts forcibly went through the victim's pockets, satisfied this standard and was sufficient proof of this element of the crime, and the fact that the black-handled object was eventually discovered upon defendant's arrest to be exercise grips is of no moment.

Defendant's claim on appeal that the trial court improperly

marshaled the evidence in its charge to the jury was not preserved for appellate review (see, People v Moses, 158 AD2d 284) and we decline to reach it. Were we to address the claim in the interest of justice, we would find it without merit. In the course of explaining the legal concept of "attempt" during a lengthy and balanced charge, the court instructed the jury that the crime, if proven, amounted only to an *attempted* robbery, since no property was taken from the complainant. In so charging the jury, the Trial Judge merely followed the statutory dictate to state the material legal principles applicable to this case and explain the application of the law to the facts, but not marshal or refer to the evidence to any extent greater than necessary for such application (CPL 300.10 [2]).

Finally, we find that defendant's sentence is not unduly harsh or excessive in light of his record of two prior felony convictions and the nature of the instant crime. Concur— Murphy, P. J., Carro, Milonas and Ellerin, JJ.