■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL MABRE, Appellant.—Judgment of the Supreme Court, New York County (Lowe, J.), rendered May 15, 1989, convicting defendant, after a jury trial, of two counts of robbery in the second degree (Penal Law § 160.10 [1], [2] [b]), for which he was sentenced, as a persistent violent felony offender, to 20 years to life, unanimously affirmed.

This conviction arose out of a late-night mugging by defendant and an accomplice on the upper east side. The victim was a night manager of a bar and restaurant, who was transporting the evening's proceeds from the restaurant to the next-door office which required exit and entrance on a public street. As the victim was opening the street door to the office, defendant approached him and stuck a hard object, covered by a towel, into the victim's back, and demanded the money. Defendant then fled with the money. The victim immediately flagged down a passing patrol car, which took off in pursuit. The victim provided a complete description of defendant and

the accomplice; defendant was dressed in a red shirt, red shorts, and red shoes. Defendant and the accomplice, pursued by police, were running on opposite sides of a street; when the accomplice tripped, he was apprehended and held by passersby. Defendant was then apprehended by the police. The victim, who had been in the back seat of the patrol car, and who pointed out the fleeing defendant, identified him. Defendant was observed dropping his knapsack, which, when recovered, was found to contain the cashbox, other items, and some cash. When he was apprehended, defendant blurted out, "he made me do it", referring to his accomplice.

At the precinct, after waiving his *Miranda* rights, defendant made a statement in which he claimed to have been high on LSD that evening, and disclaimed any memory of the events of the evening, including his inculpatory statement. This statement, from the precinct, in which defendant referred to drug use, was introduced into evidence. We do not agree with defendant's position that the court thereby improperly introduced other uncharged crime evidence whose only purpose was to demonstrate criminal propensity. We note that the purpose of the evidence, rather than demonstrating defendant's propensity to commit crimes, actually was contrary to the People's position that defendant had not been using LSD on the night of the crime, but was fabricating this statement in an attempt to undermine the significance of his inculpatory statement that "he made me do it". In view of the overwhelming evidence of guilt of the robbery, we conclude that this passing reference to defendant's purported drug use posed no threat of undue prejudice.

Defendant's appellate claim that the court erred by not granting a mistrial when defendant himself disrupted the courtroom by obnoxious behavior is meritless. The decision concerning a mistrial is left to the sound discretion of the trial court *(People v Ortiz,* 54 NY2d 288, 292), and defendant's own behavior, in seeking to disrupt the trial, did not entitle him to a mistrial *(People v Trippett,* 121 AD2d 485, 486, *lv denied* 68 NY2d 774). We note that the court had properly attempted to remove the jurors from the courtroom during defendant's disruption, and properly inquired of the jurors whether they could still deliberate fairly. Finally, the court provided a curative instruction, which the jury must be presumed to have followed *(see, People v Davis,* 58 NY2d 1102). Considering the overwhelming nature of the evidence, we cannot conclude that defendant's disruptions had a significant effect on the verdict.

Defendant's challenges to the prosecutor's summation are

unpreserved as a matter of law. The only comment to which objection was raised did not elicit any further request for a curative instruction or a mistrial after the objection was sustained, and is unpreserved for review *(People v Medina,* 53 NY2d 951, 953). Defendant's remaining challenges are also unpreserved (CPL 470.05 [2]; *People v Dordal,* 55 NY2d 954, 956), and we decline to review them in the interest of justice.

Finally, defendant also has failed to preserve for review as a matter of law any claim concerning the court's reasonable doubt instruction, and we decline to reach that claim in the interest of justice. We note that this instruction tracks the language contained in 1 CJI(NY) 6.20; we do not review in the interest of justice. Concur—Murphy, P. J., Kupferman, Milonas, Ellerin and Rubin, JJ.