■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL PEREZ, Appellant.—Judgment of the Supreme Court, Bronx County (Dominic Massaro, J.), rendered June 7, 1988, convicting defendant, after jury trial, of attempted murder in the second degree, robbery in the first and second degrees, and criminal possession of stolen property in the third degree, and sentencing him to two concurrent prison terms of 12½ to 25 years for the attempted murder and first degree robbery counts, a consecutive term of 7½ to 15 years for the second degree robbery count and a concurrent definite term of 1 year for the possession count, unanimously modified, on the law and the facts and as a matter of discretion in the interest of justice, to vacate so much of the sentence imposed upon defendant which directs that the sentence for his conviction of robbery in the second degree be served consecutively to the sentence imposed for his conviction of the crime of robbery in the first degree and to direct that all sentences rendered be served concurrently, and otherwise affirmed.

The order of the same court dated March 20, 1989, denying defendant's *pro se* CPL 440.10 motion, is unanimously affirmed.

The jury's findings are adequately supported by the record and will not be disturbed. The testimony reveals that defendant and his accomplices were identified by the complainant as his assailants several minutes after the armed robbery which was perpetrated under favorable lighting conditions.

Contrary to defendant's claims in his *pro se* supplemental brief, the record sufficiently demonstrates that trial counsel provided competent and effective representation *(People v Baldi,* 54 NY2d 137). Further, the "no inference" charge was not so extensive as to draw the jury's attention to defendant's failure to testify *(People v Tirado,* 158 AD2d 564).

As conceded by the People, under the circumstances, the sentence imposed upon defendant as a result of his conviction for the crime of robbery in the second degree may not run consecutively to the sentence imposed for his conviction for the crime of robbery in the first degree (Penal Law § 70.25). Further, in the exercise of discretion, we direct that all the sentences imposed herein run concurrently.

We have considered defendant's remaining claims and find them to be without merit. Concur—Murphy, P. J., Sullivan, Ellerin, Ross and Rubin, JJ.