■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURIEL DOUGEL, Appellant. [620 NYS2d 953] —Judgment, Supreme Court, New York County (Herbert Altman, J.), rendered September 6, 1991, convicting defendant, after a jury trial, of manslaughter in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, and sentencing her to concurrent terms of 3 to 9 years on the first two counts and to 1 to 3 years on the remaining count, unanimously affirmed.

The defendant's contention that the trial court erred in failing to provide a charge on the weakness of flight evidence has not been preserved for review since defense counsel never requested such charge nor excepted to the charge provided *(People v Gonzalez,* 198 AD2d 162, *lv denied* 82 NY2d 895) and we decline to reach the issue in the interest of justice in light of the overwhelming evidence of guilt *(People v Yaghnam,* 135 AD2d 763, 764-765). In any event, the People were required to produce evidence of flight in order to prove a bail jumping charge which was ultimately dismissed.

The hypotheticals provided by the court in its circumstantial evidence charge were not similar to the facts of the instant case and did not convey to the jury the court's view of her guilt or innocence *(cf., People v Hommel,* 41 NY2d 427). Concur—Murphy, P. J., Rosenberger, Ellerin, Rubin and Nardelli, JJ.