■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HUGO LEIVA, Appellant. [667 NYS2d 252] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered March 1, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the second degree and two counts of criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 3 years to life on the sale conviction and 1 to 3 years on each possession conviction, and order, same court and Justice, entered on or about December 21, 1995, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, unanimously affirmed.

We find defendant's representation by both pretrial counsel and subsequent trial counsel to have been meaningful (*People v Baldi*, 54 NY2d 137). The motion court's summary disposition of factual issues pursuant to CPL 440.30 (4) (d) was proper. We reject defendant's claim that various aspects of pretrial counsel's personal life and professional standing created inherent potential conflicts of interest. In any event, even if any of these alleged potential conflicts existed, there is no showing that any of them affected pretrial counsel's conduct of the defense or affected that of trial counsel after the substitution was made (*see, People v Ortiz*, 76 NY2d 652, 657). Defendant's remaining attacks on pretrial and trial counsel involve matters of strategy and do not establish ineffective assistance.

Defendant's challenges to the court's charge and the People's summation are unpreserved and without merit. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.