■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN BARTON, Appellant. [669 NYS2d 594] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered May 31, 1995, convicting defendant, after a jury trial, of three counts of robbery in the first degree and three counts of robbery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 12½ to 25 years on the first-degree rob-

bery convictions, to run consecutively with concurrent terms of 6 to 12 years on the second-degree robbery convictions, unanimously modified, on the law, to the extent of directing that all sentences run concurrently with each other, and otherwise affirmed.

The court properly exercised its discretion in denying defendant's motion for a mistrial based upon the verbal exchange between defendant and the court in the presence of the jury, which was orchestrated by defendant's attempts to disrupt the trial (*see, People v Mabre*, 166 AD2d 339, 340, *lv denied* 77 NY2d 879). The court removed the jurors from the courtroom as soon as practicable and gave prompt curative instructions, supplemented in its final charge to the jury, which instructions presumably were understood and followed (*see, People v Davis*, 58 NY2d 1102). In light of the overwhelming evidence against defendant, there is no reasonable possibility that the exchange between defendant and the court had any effect on the verdict (*People v Mabre, supra*).

The court properly denied defendant's request for a missing witness charge. Defendant failed to make a prima facie showing of any of the requirements for such a charge (*see, People v Gonzalez*, 68 NY2d 424).

During its charge on circumstantial evidence, the court marshalled the evidence fairly, and only to the extent necessary to explain the application of the law to the facts of the case (*see, People v Parker*, 163 AD2d 171, 173, *lv denied* 76 NY2d 989). Further, the facts contained in the court's hypothetical illustrating the difference between direct and circumstantial evidence were not so similar to the facts of the instant case as to convey any view of the court regarding the evidence presented herein (*see, People v Dougel*, 210 AD2d 158, *lv denied* 84 NY2d 1030).

Under the circumstances, the sentences imposed upon defendant as a result of his convictions for robbery in the second degree may not run consecutively to the sentences imposed for his convictions for robbery in the first degree (Penal Law § 70.25; *People v Perez*, 174 AD2d 533, *lv denied* 78 NY2d 1014), and we direct that all of the sentences imposed herein run concurrently. We reject the People's proposed alternate remedy for this conceded illegality. Concur—Ellerin, J. P., Nardelli, Williams and Mazzarelli, JJ.