■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTO GONZALEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR MARTINEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL MARTINEZ, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISIDORO MEDINA-DELEON, Also Known as ISIDORO MEDINA, Also Known as MORETA, Appellant. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LORENZO MARTINEZ, Defendant-Appellant. [673 NYS2d 669] —Judgments, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered April 8, 1993: (1) convicting defendant Rafael Martinez, after a jury trial, of conspiracy in the second degree, murder in the second degree, attempted murder in the second degree, criminal sale of a firearm in the third degree, criminal sale of a controlled substance in the first degree (three counts), criminal possession of a controlled substance in the first degree (three counts), criminal possession of a controlled substance in the third degree, and criminal possession of a weapon in the third degree (five counts), and sentencing him to consecutive terms of $8^{1}/_{3}$ to 25 years on the conspiracy conviction, 25 years to life on the murder conviction, $8^{1}/_{3}$ to 25 years on the attempted murder conviction, $1^{1}/_{3}$ to 4 years on the firearm sale conviction, 25 years to life on each first-degree sale conviction, 25

years to life on each first-degree possession conviction, $8^1/_3$ to 25 years on the third-degree possession conviction, and $2^1/_3$ to 7 years on each third-degree weapon possession conviction; (2) convicting defendant Lorenzo Martinez, after a jury trial, of conspiracy in the second degree, murder in the second degree, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree (six counts), and sentencing him to consecutive terms of 25 years to life on the murder and the first-degree sale and possession convictions, with concurrent terms of $8^1/_3$ to 25 years on the conspiracy conviction and $2^1/_3$ to 7 years on each weapon conviction; (3) convicting defendant Cesar Martinez, after a jury trial, of conspiracy in the second degree, criminal sale of a controlled substance in the first degree, criminal possession of a controlled substance in the first degree and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of $8^1/_3$ to 25 years on the conspiracy conviction, 25 years to life on the first-degree sale and possession convictions and $2^1/_3$ to 7 years on the weapon conviction; (4) convicting defendant Isidoro Medina-DeLeon, after a jury trial, of conspiracy in the second degree, murder in the second degree and attempted murder in the second degree, and sentencing him to a term of 25 years to life on the murder conviction, to run consecutively to concurrent terms of $8^1/_3$ to 25 years on the attempted murder and conspiracy convictions; and (5) convicting defendant Roberto Gonzalez, after a jury trial, of conspiracy in the second degree and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to consecutive terms of $12^1/_2$ to 25 years and $3^1/_2$ to 7 years, respectively, unanimously affirmed.

The totality of the record fails to support defendants' claims that the court unduly interjected itself into the trial or conducted the trial in a biased manner, or that defendants were deprived of a fair trial by the conduct of defendant Rafael Martinez's attorney, Richard L. Giampa, or by the court's interchanges with Giampa. In the first place, the court cured much of the complained-of conduct by instructing the jury to disregard such interactions and remarks and the jury is presumed to have heeded these instructions. Moreover, the colloquies over this almost 13,000-page trial transcript demonstrate that Giampa's refusal to follow court rulings and his continued contemptuous and rude remarks to the court, both outside and within the hearing of the jury, were strategic (*see, Matter of Giampa*, 211 AD2d 212, *appeal dismissed* 86 NY2d 731, *cert denied sub nom. Giampa v Grievance Comm.*, 516 US

1009; *Matter of Giampa*, 147 Misc 2d 397). The trial court's interjections into this case occurred largely during cross-examination, in an effort to prevent Giampa and other counsel from arguing with witnesses, conducting repetitive questioning, asking questions that assumed facts not in evidence or distorting the witnesses' testimony. As a result, while many of the court's remarks in the presence of the jury would have been better left unsaid, Giampa's continued contemptuous conduct and disregard of the trial court's instructions created the situation (*see, People v Barton*, 248 AD2d 211). In light of the overwhelming evidence of guilt, there is no reasonable possibility that the exchanges between Giampa and the trial court had any effect on the verdict (*see, People v Barton, supra*), and thus this case is distinguishable from *People v Torres* (182 AD2d 461), which also involved misconduct by Giampa.

The court properly denied the motions for severance made by defendants Cesar Martinez and Roberto Gonzalez, since the offenses were based upon a common scheme or plan, the proof at trial was provided by much of the same evidence, and there was no evidence of conflicting defenses (*see*, CPL 200.40 [1] [b]; *People v Augustine*, 235 AD2d 915, *lv denied* 89 NY2d 1088; *compare, People v Mahboubian*, 74 NY2d 174).

The court properly denied defendant Lorenzo Martinez's motion to suppress weapons found in his vehicle, since the police informant had a sufficient basis of knowledge and was sufficiently reliable to provide the police with probable cause to stop and search that vehicle (*see, People v Bigelow*, 66 NY2d 417, 423; *People v Rodriguez*, 52 NY2d 483, 488-489). The court properly denied defendant Cesar Martinez's motion to suppress his statement to an officer, since the questioning while that defendant was in the hospital was noncustodial (*see, People v Yukl*, 25 NY2d 585, 589, *cert denied* 400 US 851; *People v Ripic*, 182 AD2d 226, *appeal dismissed* 81 NY2d 776). The court properly denied defendant Gonzalez's motion to suppress his admission to a police officer that he possessed a gun (*see, People v Perez*, 224 AD2d 313, 314, *affd* 88 NY2d 1059).

Defendant Lorenzo's challenge pursuant to *Batson v Kentucky* (476 US 79) was properly denied since that defendant failed to demonstrate a prima facie case of racial discrimination (*see, People v Bolling*, 79 NY2d 317, 325).

There was independent evidence sufficient to meet the accomplice corroboration requirement with respect to each charge involving accomplice testimony (*see*, CPL 60.22 [1]; *People v Jones*, 85 NY2d 823; *People v Breland*, 83 NY2d 286, 292-293; *People v Hudson*, 51 NY2d 233, 238).

The court's charge, read as a whole, conveyed the proper standards. We note specifically that the challenged hypotheticals on constructive possession and accessorial liability were not so similar to the facts of the instant case as to convey any view of the court regarding the evidence presented herein (*see, People v Barton*, 248 AD2d 211, *supra*), that the charge on corroboration of accomplice testimony was correct, and that the court properly rejected defendants' proposed multiple conspiracy charge, which lacked evidentiary support (*People v Leisner*, 73 NY2d 140, 149-150).

The present record, which defendants have not sought to amplify by way of a CPL article 440 motion (*see, People v Love*, 57 NY2d 998), establishes that defendants received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137, 147). Defendants have failed to demonstrate a potential conflict that actually operated to prejudice their defense (*see, People v Winkler*, 71 NY2d 592, 597; *People v Leiva*, 246 AD2d 493).

We perceive no abuse of sentencing discretion.

We have reviewed all of defendants' remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Rosenberger, Ellerin, Nardelli and Andrias, JJ.