■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL MARTINEZ, Appellant. [725 NYS2d 847] —Judgment, Supreme Court, Bronx County (Robert Straus, J.), rendered May 18, 1998, convicting defendant, after a jury trial, of burglary in the first degree and two counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, 16 years to life and 16 years to life, respectively, unanimously affirmed.

The court properly granted the People's objection made pursuant to *Batson v Kentucky* (476 US 79) to a defense peremptory challenge. The court's determination that defendant's race-neutral reason for challenging the prospective juror was pretextual is entitled to great deference (*People v Hernandez*, 75 NY2d 350, *affd* 500 US 352), particularly since the reason proffered was based entirely on the venireperson's demeanor, which the trial court was in a unique position to observe.

The court properly declined to reward defendant's violent outburst with a mistrial (*see, People v Mabre*, 166 AD2d 339, *lv denied* 77 NY2d 879). The court removed the jurors from the courtroom as soon as practicable and gave prompt curative instructions, which were presumably followed (*see, People v Davis*, 58 NY2d 1102).

Following the abovementioned incident, defendant was properly handcuffed during the balance of the trial. Defendant's violent conduct, which had resulted in an injury to a court officer, provided a reasonable basis for this security measure, as articulated on the record (*see, People v Rouse*, 79 NY2d 934). Moreover, the court prevented any undue prejudice by instructing the jury to draw no inferences from the handcuffing and it was defendant himself who refused to have the handcuffs covered, insisting that the jury be able to see them. Defendant's claim that the court should have employed less intrusive security measures is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without support in the record. Concur—Sullivan, P. J., Nardelli, Mazzarelli, Rubin and Saxe, JJ.