■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC DIGGINS, Appellant. [845 NYS2d 19]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered December 14, 2005, convicting defendant, after a jury trial, of attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second and third degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of 25 years to life, unanimously affirmed.

In his statement to the police, defendant claimed that he accidentally shot the victim as a result of defendant's unfamiliarity with revolvers, as opposed to semiautomatic pistols, and a material issue at trial was whether the shooting was intentional. Accordingly, the court properly exercised its discretion in admitting, with suitable instructions, limited uncharged crimes evidence relating to defendant's prior possession of firearms. Defendant's general familiarity with handguns, including but not limited to revolvers, was highly relevant to refute the claim of accident, and the probative value of the evidence outweighed any prejudice to defendant (*see generally People v Ventimiglia*, 52 NY2d 350 [1981]).

Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review them in the interest of justice. Were we to review these claims, we would find them without merit (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

We find no merit to defendant's contention that, in sentencing him as a mandatory persistent violent felony offender, the court erred by accepting a 2004 conviction for criminal possession of a weapon in the second degree without affording him both an adjournment to obtain the transcript of the prior trial and a hearing to determine whether the conviction was unconstitutional. At arraignment, defendant was served with a statement of prior felony convictions. Four months later, at sentencing, he alleged that the conviction, in absentia, was obtained without the effective assistance of counsel, who allegedly failed to put in a defense or otherwise participate in the trial. The People argued that this was a strategy adopted by his attorney to protest holding trial in defendant's absence and that such strategy does not constitute ineffective assistance of counsel (*People v Aiken*, 45 NY2d 394 [1978]).

A defendant bears the burden to overcome "the presumptions of the validity and regularity of the previous felony convictions . . . by substantial evidence to the contrary" (*People v Harris*, 61 NY2d 9, 16 [1983]). "Once the prior conviction has been established, it is incumbent upon the defendant to prove the

facts underlying the claim that the conviction was unconstitutionally obtained" (*People v Roberson*, 160 AD2d 200, 200 [1990], *lv denied* 76 NY2d 795 [1990]). Normally, the court conducts a review of the transcript of the prior proceedings to assess the constitutionality of the conviction (*see Harris*, 61 NY2d at 16-22). However, despite receiving four months' notice of the People's intention to use his conviction for weapons possession as a predicate felony, defendant failed to obtain the minutes of the proceedings in that matter.

Conclusory allegations are insufficient to support a contention that a prior conviction was unconstitutionally obtained, and no hearing is required in the absence of supporting evidence (*People v Boomer*, 187 AD2d 659, 661 [1992], *lv denied* 81 NY2d 882 [1993]; *see also People v Myron*, 28 AD3d 681, 684 [2006], *lv dismissed* 7 NY3d 850 [2006], *cert denied* 549 US —, 127 S Ct 1919 [2007]). In the present context, defendant's contention that the court was obliged to grant him an adjournment to obtain the minutes is unavailing (*cf. People v Gonzalez*, 108 AD2d 622, 623 [1985] [confusion as to predicate crime and when predicate felony statement was obtained]). A defendant need not be afforded an adjournment to permit him further time to "make additional efforts to obtain the minutes of a prior conviction" (*People v Rampersant*, 1 AD3d 122, 123 [2003], *lv denied* 1 NY3d 600 [2004]).

Defendant has advanced only conclusory allegations, not warranting a hearing, that his conviction for weapons possession was obtained without the effective assistance of counsel. Defendant had ample opportunity to obtain the minutes of the prior proceedings for review by the sentencing court, which was not required to grant him an adjournment under the circumstances. Finally, even at this juncture, defendant has presented no evidence that the previous conviction was tainted (*cf. id.* [defendant supplied minutes in connection with appeal]). Thus, he has failed to sustain his burden to demonstrate error. Concur—Tom, J.P., Saxe, Nardelli, Sweeny and Catterson, JJ.