Lorenzo **MARTINEZ**, Petitioner–Appellant,

v.

Walter **KELLY**, Superintendent, Attica Correctional, Robert M. Morgenthau, District Attorney for the County of New York, Andrew M. Cuomo,* Attorney General, State of New York, Respondents–Appellees.

No. 05–4714–pr.

United States Court of Appeals, Second Circuit.

Nov. 6, 2007.

---

* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Andrew M. Cuomo is automatically substituted for former Attorney General Eliot L. Spitzer as a respondent in this case. The Clerk is further directed to amend the official caption as listed above.

Andrea G. Hirsch, Law Office of Andrea G. Hirsch, New York, NY, for Petitioner–Appellant.

Patrick J. Hynes, Assistant District Attorney (Robert M. Morgenthau, District Attorney for the County of New York, on the brief, Mark Dwyer, of counsel), New York, NY, for Respondents–Appellees.

PRESENT: Hon. WILFRED FEINBERG, Hon. SONIA SOTOMAYOR, and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Petitioner-appellant Lorenzo Martinez appeals from a final judgment of the United States District Court for the Southern District of New York (Batts, J.) entered on April 5, 2004, dismissing in its entirety his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court granted a certificate of appealability on the single issue of Martinez's *Batson* claim. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Martinez argues that the Appellate Division unreasonably applied clearly established Supreme Court precedent when it denied his claim under *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), as interpreted in *People v. Bolling,* 79 N.Y.2d 317, 582 N.Y.S.2d 950, 591 N.E.2d 1136 (1992), concluding that he failed to establish a prima facie case of discrimination. *See Harris v. Kuhlmann,* 346 F.3d 330, 344 (2d Cir.2003) (explaining that, under the Antiterrorism and Effective Death Penalty Act (AEDPA), when the state court correctly identifies the governing legal principle, as here, our review is limited to the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1)); *see also People v. Gonzalez,* 251 A.D.2d 51, 53, 673 N.Y.S.2d 669 (1st Dep't 1998). Martinez asserts that he made out a prima facie case of discrimination based on statistics alone when the prosecution, in exercising fourteen peremptory strikes against a panel of forty potential jurors, struck four out of five black members of the venire. We conclude that the state court did not act unreasonably in discounting one of the peremptory challenges based on its determination that the prosecution gave a reasonable race-neutral explanation for striking that juror in a previous for cause challenge. While statistics alone may establish a prima facie case in certain circumstances, *Overton v. Newton,* 295 F.3d 270, 278 (2d Cir.2002), the state court did not unreasonably apply federal law in concluding that the prosecution's striking three of four prospective black jurors was not a sufficient pattern of strikes to draw

an inference of discrimination, at least not at that early point in the jury selection process, *see id.* at 279.

For the foregoing reasons, the judgment of the district court is AFFIRMED.