[900 NE2d 959, 872 NYS2d 408]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISAAC DIGGINS, Appellant.

Argued November 20, 2008; decided December 16, 2008

**POINTS OF COUNSEL**

*Office of the Appellate Defender,* New York City (*Rosemary Herbert, Richard M. Greenberg* and *Ana Vuk-Pavlovic* of counsel), for appellant. I. Isaac Diggins is entitled to a new trial where evidence of his three prior gun-related convictions, admitted pursuant to *People v Molineux* (168 NY 264 [1901]), was irrelevant to his accident defense and greatly bolstered the prosecution's weak case against him. (*People v Resek,* 3 NY3d 385; *People v Ventimiglia,* 52 NY2d 350; *People v Henson,* 33 NY2d 63; *People v Hudy,* 73 NY2d 40; *People v Clarke,* 293 AD2d 405; *People v Zarif,* 290 AD2d 401; *Dunnigan v Keane,* 137 F3d

117; *People v Lutchmansigh,* 306 AD2d 540; *People v Guiteau,* 267 AD2d 1094; *People v Plunkett,* 158 AD2d 949.) II. Isaac Diggins was illegally sentenced as a mandatory persistent violent felony offender after the sentencing court ascribed the wrong burden to the defense and denied Mr. Diggins his right to a hearing to determine the constitutionality of his prior conviction. (*People v Mack,* 203 AD2d 131; *People v Kilgore,* 199 AD2d 1008; *People v Case,* 173 AD2d 892; *People v Allen,* 135 AD2d 1034; *People v James,* 109 AD2d 1095; *People v Fraser,* 54 AD2d 965; *People v Robertson,* 287 AD2d 312; *People v Myron,* 28 AD3d 681; *People v Boomer,* 187 AD2d 659; *People v Aiken,* 45 NY2d 394.)

*Robert M. Morgenthau, District Attorney,* New York City (*Gina Mignola* and *Eleanor J. Ostrow* of counsel), for respondent. I. Proof of defendant's prior gun convictions was properly admitted to refute his claims of accident and mistake. (*People v Ventimiglia,* 52 NY2d 350; *People v Fiore,* 34 NY2d 81; *People v Blair,* 90 NY2d 1003; *People v Alvino,* 71 NY2d 233; *People v Vails,* 43 NY2d 364; *People v Molineux,* 168 NY 264; *People v Hudy,* 73 NY2d 40; *People v Steinberg,* 170 AD2d 50, 79 NY2d 673; *People v Mateo,* 2 NY3d 383; *People v Kello,* 96 NY2d 740.) II. Contrary to defendant's unpreserved complaint, the sentencing court properly adjudicated defendant to be a mandatory persistent violent felony offender. (*People v Verdel,* 22 AD3d 324; *People v Harris,* 61 NY2d 9; *People v Miller,* 8 NY3d 937; *People v Sailor,* 65 NY2d 224; *People v Catalanotte,* 72 NY2d 641; *People v Pierre,* 45 AD3d 1056; *People v Manohar,* 40 AD3d 1123; *People v Myron,* 28 AD3d 681; *People v Cottrell,* 299 AD2d 914; *People v Lewis,* 261 AD2d 908.)

## OPINION OF THE COURT

READ, J.

Defendant Isaac Diggins, a drug dealer, was convicted after a jury trial of attempted second-degree murder (Penal Law §§ 110.00, 125.25 [1]), first-degree assault (Penal Law § 120.10 [1]) and criminal possession of a weapon in the second and third degrees (Penal Law § 265.03 [2]; § 265.02 [4] [now Penal Law § 265.03 [3]) in connection with a shooting incident on May 13, 2005. Defendant confessed to the shooting, but claimed that the revolver discharged accidentally. Supreme Court sentenced him as a persistent violent felony offender to an aggregate term of imprisonment of 25 years to life.

On this appeal, we are asked to consider whether defendant was entitled to an evidentiary hearing on his allegation that one

of his predicate felony convictions was secured in violation of his constitutional right to counsel. For the reasons that follow, we conclude that Supreme Court did not abuse its discretion by denying defendant an adjournment to gather further evidence in support of his allegation.

## I.

At defendant's arraignment in August 2005, the People filed with the court, and served on defendant, a "Statement of Two or More Predicate Felony Convictions." The statement notified defendant of two predicate violent felony convictions: a June 15, 2004 conviction for criminal possession of a weapon in the second degree; and a January 23, 1991 conviction for robbery in the first degree. Trial commenced on November 15, 2005, and the jury convicted defendant on November 22, 2005.

On December 14, 2005—four months after the People filed the persistent violent felony offender statement, and three weeks after the verdict—defendant appeared with counsel for sentencing. Defense counsel informed Supreme Court that defendant had a constitutional challenge to the 2004 conviction, which resulted from a trial in absentia because "[a]pparently his defense attorney in that case did not participate in the trial, did not cross-examine witnesses, and did not put forth a defense."

The judge asked defense counsel if he had an affidavit from the lawyer who represented defendant in the 2004 case, or if that lawyer was present. Counsel responded "No" to both queries, and requested an adjournment to "file motions." The judge responded, "Why should I adjourn it? It's a surprise to you? Because we discussed it at great length before the trial," meaning "whether or not [defendant] was a mandatory persistent violent felony offender."

When counsel reiterated that he was challenging the constitutionality of the conviction based on ineffective assistance, the judge interjected that "[d]efendant's obligation is to do more." Counsel then responded as follows:

> "I believe I have placed on the record the fact that [the] defense attorney in that case . . . did not participate in the trial in any meaningful way. I think if you want to explore it further I think we need to ask [the attorney] why that was the case. I believe that is certainly sufficient to raise a presumption.

He did not receive effective assistance of counsel, his attorney did not participate in the trial[;] complete lack of participation seemingly would constitute ineffective assistance."

Supreme Court stated that, under appellate case law, a lawyer's deliberate choice not to participate in a trial as a protest does not amount to ineffective assistance, and so "the law [was] against [defendant]." The judge further observed that she was "not hearing anything" from counsel "that says that maybe there was a good thing [the attorney in the 2004 case] could have done once the complaining witness"—defendant's wife—"showed up in that case." Counsel responded, "I don't know, if you want to give me time to order the minutes of that trial. I can't give you any specifics about the trial."

The judge concluded by observing to defense counsel that he had enjoyed sufficient

"time to prepare a meaningful challenge to this previous felony conviction and right now you just sort of tell me, well, I want more time, I'm entitled to more time, and let me just sort of cast around here. I'm still not hearing any reason to think that there is going to be something developed there, so I'm finding the defendant a mandatory persistent felony offender."

The court then sentenced defendant, who appealed both his conviction and his sentence.

The Appellate Division affirmed. As for defendant's sentence, the court concluded that Supreme Court did not err by sentencing him as a persistent violent felony offender "without affording him both an adjournment to obtain the transcript of the prior trial and a hearing to determine whether the conviction was unconstitutional" (*People v Diggins*, 45 AD3d 266, 267 [1st Dept [2007]). The Appellate Division reasoned that defendant "advanced only conclusory allegations, not warranting a hearing, that his conviction for weapons possession was obtained without the effective assistance of counsel" (*id.* at 268). Further, he "had ample opportunity to obtain the minutes of the prior proceedings for review by the sentencing court, which was not required to grant him an adjournment under the circumstances" (*id.*). A Judge of this Court subsequently granted defendant leave to appeal (10 NY3d 810 [2008]), and we now affirm.

## II.

A "persistent violent felony offender" includes "a person who stands convicted of a violent felony offense . . . after having previously been subjected to two or more predicate violent felony convictions" (Penal Law § 70.08 [1] [a]). Upon finding that a person is a persistent violent felony offender, "the court must impose an indeterminate sentence of imprisonment, the maximum term of which shall be life imprisonment" and the minimum term of which "must be in accordance with [Penal Law § 70.08 (3)]" (Penal Law § 70.08 [2]).

Criminal Procedure Law § 400.16 (2) states that the procedure for determining whether a person is a persistent violent felony offender is governed by CPL 400.15. This procedure furthers the principle that a "conviction obtained in violation of one's constitutional rights may not be used to enhance punishment for another offense" (*People v Harris*, 61 NY2d 9, 16 [1983]; *see* CPL 400.15 [7] [b] [defendant may "controvert an allegation with respect to" a prior conviction on the ground it was unconstitutionally obtained "at any time during the course of the hearing hereunder"]).

The statute specifies that

> "[w]hen information available to the court or to the people prior to sentencing for a violent felony offense indicates that the defendant may have previously been subjected to a predicate violent felony conviction, a statement must be filed by the prosecutor before sentence is imposed setting forth the date and place of each alleged predicate violent felony conviction" (CPL 400.15 [2]).

The statute next provides for a preliminary examination. Specifically, the "defendant must be given a copy of such statement and the court must ask him whether he wishes to controvert any allegation made therein" (CPL 400.15 [3]). A defendant who "wishes to controvert any allegation in the statement . . . must specify the particular allegation or allegations he wishes to controvert" (*id.*). Uncontroverted allegations are deemed admitted (*see id.*).

"Where the uncontroverted allegations in the statement are sufficient to support a finding that the defendant has been subjected to a predicate violent felony conviction the court must enter such finding" and sentence the defendant

accordingly (CPL 400.15 [4]). The court is, however, required to hold a hearing "[w]here the defendant controverts an allegation in the statement and the uncontroverted allegations in such statement are not sufficient to support a finding that the defendant has been subjected to a predicate violent felony conviction" (CPL 400.15 [5]). The hearing "must be before the court without jury" (CPL 400.15 [7] [a]). The People bear the burden to prove "that the defendant has been subjected to a predicate violent felony conviction . . . beyond a reasonable doubt by evidence admissible under the rules applicable to a trial of the issue of guilt" (*id.*), but not the prior conviction's constitutionality (*see Harris*, 61 NY2d at 15).

Subdivision (6) of CPL 400.15, entitled "Time for hearing," states as follows: "In any case where a copy of the statement was not received by the defendant at least two days prior to the preliminary examination, the court must upon request of the defendant grant an adjournment of at least two days before proceeding with the hearing."

Thus, the statute contemplates that the court will proceed immediately from the preliminary examination to the hearing unless the defendant did not receive the statement at least two days beforehand. If this two-day notice requirement is met, the decision whether to grant an adjournment of the hearing is within the court's discretion. This is consistent with the general rule that "[t]he granting of an adjournment for any purpose is a matter resting within the sound discretion of the trial court" (*Matter of Anthony M.*, 63 NY2d 270, 283 [1984]).

Here, defendant admits that he received the People's predicate violent felony conviction statement at his arraignment in August 2005, four months before his December 2005 sentencing. Further, Supreme Court was willing to hold an evidentiary hearing based on defendant's claim that his counsel did not participate in the 2004 trial, as shown by its inquiry whether defendant had an affidavit from that attorney, or if the attorney was present to testify. Thus, the precise issue on this appeal is whether Supreme Court abused its discretion in denying defendant his request for an adjournment to "file motions," presumably aimed at gathering evidence to prove that his 2004 felony conviction was unconstitutionally obtained.

■ The statute clearly puts defense counsel on notice to be prepared to proceed with an evidentiary hearing so long as

the predicate violent felony offender statement is received at least two days before the preliminary examination. Of course, it may not always be feasible for counsel to obtain minutes or other documents in time for a hearing that immediately follows a preliminary examination. But counsel in this case did not suggest that he had made any effort to obtain the 2004 minutes. He did not even specifically request the adjournment for the purpose of procuring the minutes; instead, he merely cited their unavailability as the reason why he could not "give [the judge] any specifics about the [2004] trial" in response to her questions and observations. In addition, counsel did not provide the judge with an affidavit from the attorney who represented defendant in the 2004 trial, or secure that attorney's live testimony. He simply asserted that this attorney completely failed to participate in the 2004 trial; however, defendant was concededly tried in absentia, giving rise to an inference that the attorney's nonparticipation was a protest strategy that would not support a claim of ineffective assistance (*see People v Aiken*, 45 NY2d 394, 399 [1978]). In light of these circumstances, Supreme Court was not required, as a matter of law, to grant defendant an adjournment to try to put together a more persuasive case.

Finally, defendant also asserts that his conviction should be reversed because Supreme Court erred by permitting the jury to consider evidence that he had previously been convicted of three gun-related offenses. The evidence of defendant's prior gun-related convictions was highly probative of his intent, however, given that he claimed that the shooting was accidental, and at least suggested in a videotaped statement admitted at trial that he was unaccustomed to handling firearms. As the judge also observed, the witnesses to the shooting (the victim and his roommate) were "extremely impeachable": they both had prior criminal records; the victim was for a long time unwilling to cooperate with the police and the prosecutors because he was scared of defendant. Importantly, Supreme Court limited the potential for prejudice in two ways: by reading into the record a bare-bones stipulation consisting only of the conviction dates, the names of the crimes and, in two cases, the type of gun involved; second, by repeatedly instructing the jurors to consider this evidence only in relation to the issue of accident, not propensity.

526

Accordingly, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, SMITH, PIGOTT and JONES concur.

Order affirmed.