■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NADINE LEACH, Appellant. [5 NYS3d 28]—

Judgment, Supreme Court, New York County (Daniel P. FitzGerald, J.), rendered March 30, 2012, as amended April 11, 2012, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree and unlawful possession of marijuana, and sentencing her, as a second felony offender, to a term of 10 years and a fine of $100, unanimously affirmed.

The court properly granted the People's reverse-*Batson* application (*see Batson v Kentucky*, 476 US 79 [1986]; *People v Kern*, 75 NY2d 638 [1990], *cert denied* 498 US 824 [1990]). The record supports the court's finding that defense counsel's race-neutral explanation for exercising a peremptory challenge was pretextual. Contrary to defendant's present argument, the *Batson* issue turned on the demeanor of the panelist at issue, as well as that of similarly situated panelists who were not challenged. The trial court was in the unique position to observe demeanor, and its determination is entitled to great deference (*see e.g. People v Martinez*, 284 AD2d 157 [1st Dept 2001]).

Evidence of defendant's gang membership was clearly admissible, given trial issues relating to the police investigation leading to defendant's arrest, and especially after defendant plainly opened the door to such evidence during cross-examination of a detective. Defendant did not preserve her claim that the prosecutor should have obtained an advance ruling (*see People v Ventimiglia*, 52 NY2d 350 [1981]) on the admissibility of this evidence, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The lack of a *Ventimiglia* hearing did not cause defendant any prejudice (*see People v McLeod*, 279 AD2d 372 [1st Dept 2001], *lv denied* 96 NY2d 921 [2001]).

The prosecutor properly questioned defendant about her prior weapon possession conviction, notwithstanding the court's *Sandoval* ruling. On direct examination, defendant went beyond her attorney's question and twice volunteered that she "never had a gun." She then repeated that assertion when the prosecutor asked her a clarifying question on cross-examination (*see People v Fardan*, 82 NY2d 638, 646 [1993]). Even before any questions by the prosecutor, defendant gave a misleading impression that she had never possessed a firearm in her entire life, and not just on the day of her arrest in this case (*see People v Dunkley*, 61 AD3d 428 [1st Dept 2009], *lv denied* 12 NY3d

914 [2009]). In any event, any error in this regard was harmless (see *People v Crimmins*, 36 NY2d 230 [1975]). The evidence against defendant was overwhelming, and it was not undermined by the defense case.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find that although some of the challenged remarks were inappropriate, they were not so egregious as to deprive defendant of a fair trial (see *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). In any event, we likewise find that any error was harmless.

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they involve matters not reflected in, or fully explained by, the record (see *People v Rivera*, 71 NY2d 705, 709 [1988]; *People v Love*, 57 NY2d 998 [1982]). Accordingly, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. In the alternative, to the extent the existing record permits review, we find that defendant received effective assistance under the state and federal standards (see *People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Defendant has not shown that any of counsel's alleged deficiencies fell below an objective standard of reasonableness, or that, viewed individually or collectively, they deprived defendant of a fair trial or affected the outcome of the case.

We perceive no basis for reducing the sentence. Concur—Gonzalez, P.J., Mazzarelli, Acosta, Moskowitz and DeGrasse, JJ.