People v Rizzuto (2018 NY Slip Op 09006)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Rizzuto

2018 NY Slip Op 09006

Decided on December 27, 2018

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2018
Acosta, P.J., Gische, Mazzarelli, Webber, Oing, JJ.


7965 4339/16

[*1]The People of the State of New York, Respondent,
vAlfonso Rizzuto, Defendant-Appellant.

Marianne Karas, Thornwood, for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Oliver McDonald of counsel), for respondent.

Judgment, Supreme Court, New York County (James M. Burke, J. at pretrial proceedings; Juan M. Merchan, J. at plea and sentencing), rendered April 19, 2017, convicting defendant of burglary in the second degree, and sentencing him, as a second violent felony offender, to a term of seven years, unanimously affirmed.
Defendant's absence from a brief colloquy does not warrant reversal. While awaiting the arrival of defendant, who was appearing pro se, the plea court had a conversation with the prosecutor and standby counsel concerning essentially administrative matters. There were no applications by either side, or determinations of any legal or factual issues. Accordingly, nothing occurred that required defendant's presence, including in his capacity as his own attorney (see People v Hameed, 88 NY2d 232, 240-241 [1996], cert denied 519 US 1065 [1997]).
Defendant's attorney, who became standby counsel after defendant knowingly and voluntary waived his right to counsel, was neither conflicted nor otherwise ineffective at any stage of the proceeding. No conflict was created when the attorney exercised his professional judgment in declining to adopt his client's pro se motions (see e.g. People v Mangum, 12 AD3d 207, 208 [1st Dept 2004], lv denied 4 NY3d 765 [2005]), or when he candidly acknowledged that defendant was in danger of being sentenced as a discretionary persistent felon. Accordingly, there was no reason for the courts presiding at either the pretrial or plea proceedings to appoint a new attorney for any purpose.
Defendant, who expressly declined to make a motion to withdraw his plea, failed to preserve his challenges to its validity (see People v Conceicao, 26 NY3d 375 [2015]), and we decline to review them in the interest of justice. As an alternative holding, we find that the record establishes the voluntariness of the plea. Statements by the pretrial and plea courts about the severity of defendant's potential sentence if
convicted after trial were not coercive (see e.g. People v Pagan, 297 AD2d 582 [1st Dept 2002], lv denied 99 NY2d 562 [2002]). Likewise, there was nothing coercive about the plea court's insistence that, in order to plead guilty to second-degree burglary, defendant was required to acknowledge that the burglarized location was a dwelling. In any event, nothing in the record casts doubt on defendant's guilt of second-degree burglary. To the extent the record reveals the status of the premises, it shows that defendant burglarized a hotel gym, open only to licensees, constituting a dwelling under the burglary statutes (see People v McCray, 23 NY3d 621, 629-30 [2014]).
The plea court providently exercised its discretion in declining to order a CPL article 730 examination (see Pate v Robinson, 383 US 375 [1966]; People v Tortorici, 92 NY2d 757, 766 [1999], cert denied 528 US 834 [1999]; People v Morgan, 87 NY2d 878, 879-880 [1995]). There was no reason to doubt defendant's mental competency.
Defendant's argument that he was entitled to a hearing on the constitutionality of his predicate felony conviction is also unpreserved, and we decline to review it in the interest of justice. As an alternative holding, we find that the plea court properly adjudicated defendant a [*2]second violent felony offender (see People v Diggins, 45 AD3d 266, 268 [1st Dept 2007], affd 11 NY3d 518 [2008]). Defendant did not allege any cognizable constitutional defect in his predicate conviction.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 27, 2018
CLERK