People v Wells (2025 NY Slip Op 00056)

People v Wells

2025 NY Slip Op 00056

Decided on January 07, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 07, 2025

Before: Singh, J.P., Kapnick, Scarpulla, Pitt-Burke, O'Neill Levy, JJ. 

Ind. No. 6548/06, 41/07 Appeal No. 3404 Case No. 2019-2364 

[*1]The People of the State of New York, Respondent,
v
Carl D. Wells, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Julia Gorski of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J., motion to consolidate; Jill Konviser, J., 2016 pro se inquiry; Daniel Conviser, J., 2019 proceedings, trial, and sentence), rendered February 26, 2019, convicting defendant, after a jury trial, of four counts of robbery in the second degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life, unanimously affirmed.
The court did not deprive defendant of his right to represent himself. Defendant never made an unequivocal request to do so, as the context reveals that he did not want to proceed pro se for all purposes (see e.g. People v Ramos, 35 AD3d 247 [1st Dept 2006], lv denied 8 NY3d 924 [2007]). Rather than demonstrating a "definite commitment to self-representation (People v LaValle, 3 NY3d 88, 106 [2004]), the court's extensive inquiry revealed that defendant wanted a co-counsel, and that his intention was to avoid trial altogether by "litigat[ing the case] to a dead end." Further, the court did not deny his request outright. Instead, the court deferred defendant's request (see People v Little, 151 AD3d 531, 532 [1st Dept 2017], lv denied 30 NY3d 951 [2017]). To the extent that he made an unequivocal request to proceed pro se, he abandoned his application (see People v Hirschfield, 282 AD2d 337, 339 [1st Dept 2001], lv denied 96 NY2d 919 [2001], cert denied sub nom Hirschfeld v New York, 534 US 1082 [2002]; compare People v Trammell, 183 AD3d 155, 161-162 [1st Dept 2020], lv denied 35 NY3d 1071 [2020]).
Defendant did not preserve his claim that the consolidation of the indictments or the court's instructions denied him a fair trial (see People v Kello, 96 NY2d 740, 743-744 [2001]), or his claims that the court's instructions were inadequate or that the consolidation order limited the People's theory of the case. We decline to review his claims in the interest of justice. As an alternative holding, we reject them on the merits (see People v Scott, 276 AD3d 380 [1st Dept 2000], lv denied 96 NY3d 738 [2001]). In any event, any error in denying severance was harmless in light of the overwhelming evidence of defendant's guilt, which included defendant's confession as to each robbery (see People v Crimmins, 36 NY2d 230 [1975]).
Defendant has not preserved his claim that the court's modification of its Sandoval ruling denied him a fair trial (see People v Grant, 7 NY3d 421, 424 [2006]). He also waived his claim by repeatedly stating that he wanted to tell the jury about the facts underlying his claims and admitting that he had intentionally opened the door (see People v Jones, 256 AD2d 30, 31 [1st Dept 1998], lv denied 93 NY2d 900 [1999]). We decline to review his claim in the interest of justice. As an alternative holding, we reject it on the merits. When a defendant takes advantage of a Sandoval ruling to testify to facts that are "in conflict with the precluded evidence," the defense thereby "opens the door" on the issue, and is[*2]"properly subject to impeachment by the prosecution's use of otherwise precluded evidence" (People v Fardan, 82 NY2d 638, 646 [1993]; see People v Leach, 125 AD3d 568, 569 [1st Dept 2015], lv denied 25 NY3d 1074 [2015], cert denied 577 US 1033 [2015]). Here, defendant used the opportunity of his counsel's general question to create the misleading impression that he was innocent of any wrongdoing and had been victimized by the criminal justice system, and the unsolicited nature of the response made clear that he did so intentionally. When asked by his counsel whether he had a gun in December 2006, he did not just answer "no," but portrayed himself, at length, as a person who did not like guns and had never possessed a gun. Thus, the court providently exercised its discretion in determining that defendant had opened the door and allowed the People to ask defendant the precluded evidence of the facts underlying his 1992 robbery conviction, which led to his parole in 2004 and his incarceration in New York in 2005, and involved the display of what appeared to be a firearm. Defendant has not preserved his claim that the court improperly failed to provide a limiting instruction at the time that evidence was admitted, and the court's final instruction advised the jury of the proper use of such evidence.
Defendant's challenges to the prosecutor's summation are unpreserved, and we decline to review his unpreserved claims in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133, 143-144 [1st Dept 1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1st Dept 1992], lv denied 81 NY2d 884 [1993]).
Under New York law, "trial courts must retain appropriate discretion to control their courtrooms and trial proceedings," which necessarily includes "decisions pertaining to courtroom security" (People v Gamble, 18 NY3d 386, 396-397 [2012]). Here, the court providently exercised its discretion when it situated a court officer behind defendant, a court officer by the door, and a court officer in the corner of the courtroom while defendant was on the stand. Further, as requested by defense counsel, the court instructed the jury that it was "standard procedure" to place a court officer behind a defendant while he testifies, and that the jurors should not "assign any significance" to it. A court officer's presence behind defendant for that limited time would not "telegraph[] to the jury that defendant was a dangerous individual" (see id. at 397).
The People were not required to call every analyst involved in the DNA testing in this case. A defendant's right to confrontation is not violated simply because an expert DNA analyst refers to data gathered by nontestifying technicians (see People v Brown, 13 NY3d 332, 340 [2009]). Here, the analyst testified about her review of the data and her independent conclusions based thereon. There was no Confrontation Clause violation because [*3]the expert analyst's testimony demonstrated her own "independent analysis" of the data to make a comparison, and the analysis was not merely "a conduit for the conclusions of others" (People v John, 27 NY3d 294, 315 [2016]; see People v Jordan, 40 NY3d 396, 402 [2023]).
We find unavailing defendant's contention that, in sentencing him as a mandatory persistent violent felony offender, the court erred in accepting his 1990 and 1992 convictions without affording him an adjournment to obtain certain transcripts and a hearing to determine whether the conviction was unconstitutional. A defendant who challenges the constitutionality of his prior conviction bears the burden to overcome "the presumptions of the validity and regularity of the previous felony conviction . . . by substantial evidence to the contrary" (People v Harris, 61 NY2d 9, 15-16 [1983]; People v Diggins, 45 AD3d 266, 267-268 [1st Dept 2007], affd 11 NY3d 518 [2008]). Defendant has not satisfied his burden of overcoming the presumptive constitutionality of his 1990 plea, and we note that we previously rejected defendant's claim that his 1992 conviction was unconstitutional (see People v Wells, 221 AD2d 281 [1st Dept 1991], lv denied 87 NY2d 978 [1996]).
We perceive no basis for reducing the sentence.
We have considered defendant's pro se claims and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 7, 2025