■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN RIVERA, Appellant. [612 NYS2d 847] —Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), rendered May 10, 1991, convicting defendant, upon his guilty plea, of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, unanimously affirmed.

Defendant's contention that the court erred in not holding a hearing to determine whether he should be sentenced as a second felony offender is without merit since the court, after questioning defendant and examining the documentary evidence, properly concluded that defendant's challenge to the validity of his prior conviction advanced no legitimate basis for such a hearing. Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASUNCION DE JESUS, Appellant. [611 NYS2d 159] —Order, Supreme Court, Bronx County (John Byrne, J.), entered December 26, 1991, denying defendant's motion to vacate a judgment of the same court (Drohan, J.), rendered November 16, 1978, convicting him, after jury trial, of murder in the second degree and sentencing him to a term of 25 years to life, unanimously affirmed.

Defendant has failed to establish that the purported UF61 report which was generated by defendant's 1991 Freedom of Information Law request was newly discovered evidence. A comparison of the contents of this report with the detective's trial testimony leads to the conclusion that the report upon which that cross-examination was based was the same report upon which defendant presently relies. The report utilized by trial counsel was denominated "unusual occurrence report" rather than a UF61 report. Nevertheless, the detective's report was recorded on the same day and at the same time that the purported UF61 report was prepared, and contained the identical information. On the present motion, defendant has failed to sustain his burden to demonstrate that these were discrete reports. Finally, defendant's challenge to the effectiveness of his appellate representation is improperly brought in the present proceeding, as counsel concedes. Defendant's better recourse, should he be so advised, would be to submit a petition for a writ of error *coram nobis.* Concur—Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.