■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANKLIN JOSHUA, Appellant. [664 NYS2d 541] —Judgment, Supreme Court, New York County (Felice Shea, J.), rendered June 6, 1995, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The court properly determined that defendant had not met his initial burden of proof at the hearing held to determine defendant's CPL 190.50 motion. The court's credibility determination is supported by the record.

In connection with defendant's speedy trial claim, the court properly determined that the periods from September 9, 1994 to October 28, 1994, January 13, 1995 to February 24, 1995, and April 24, 1995 to May 15, 1995 were properly excluded as attributable to motion practice (CPL 30.30 [4] [b]). To the extent that defendant is raising a constitutional speedy trial claim, such claim is unpreserved and without merit (*see, People v Taranovich*, 37 NY2d 442).

Defendant's claim that the court erred in not holding a full hearing to determine whether defendant should be sentenced as a second felony offender is without merit. The court, after questioning defendant and considering both the inherent inconsistencies in defendant's statements at sentencing regarding his prior felony conviction, as well as defendant's sworn trial testimony in that regard, properly concluded that defendant's patently false challenge to the validity of his prior felony conviction did not warrant a further hearing (*see, People v Rivera*, 203 AD2d 196).

Defendant's challenges to the People's summation are unpreserved and would not, in any event, warrant reversal. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.