THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN STEPHENS, Appellant. [923 NYS2d 438]—

Judgment, Supreme Court, New York County (James A. Yates, J., at CPL 190.50 [5] [c] dismissal motion; Carol Berkman, J., at suppression hearing, jury trial and sentencing), rendered June 11, 2008, convicting defendant of robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of 10 years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The element of physical injury was established by evidence that, as a result of defendant's efforts to pull her necklace off her neck, the victim sustained bloody scratches that required a tetanus shot, and neck bruises that hurt her for months afterwards (*see e.g. People v Haith*, 44 AD3d 369 [2007], *lv denied* 9 NY3d 1034 [2008]).

The court properly exercised its discretion in modifying its *Sandoval* ruling based on defendant's trial testimony (*see People v Fardan*, 82 NY2d 638, 645-647 [1993]). In disregard of a caution the court gave defendant at the time of its initial ruling, defendant gave a misleading account of his prior record that suggested that he had remained out of trouble during the 19 years between two convictions. Accordingly, the court properly permitted the People to elicit the fact that defendant was incarcerated for about 17 of those 19 years, so as to cure the impression that the first conviction (which the People were only permitted to identify as an unspecified felony) was too remote to affect his credibility. In any event, any error in the court's modification of its prior ruling was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Defendant's other claim regarding the *Sandoval* ruling is without merit.

The court properly denied defendant's suppression motion. An officer's succinct and accurate response to defendant's inquiry about the victim's condition was not the functional equivalent of interrogation and thus did not require *Miranda* warnings (*see People v Rivers*, 56 NY2d 476, 480 [1982]; *People v Lynes*, 49 NY2d 286, 294-295 [1980]). Defendant's incriminating statement, made immediately after the officer's brief answer, was genuinely spontaneous. Defendant's remaining arguments concerning his confession are without merit.

Defendant did not preserve any of his challenges to the prosecutor's summation and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro*, 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]).

After a thorough evidentiary hearing, the motion court properly rejected defendant's contention that he was deprived of his right to testify before the grand jury. There is no basis for disturbing the court's credibility determinations.

The sentencing court properly adjudicated defendant a second violent felony offender after sufficient inquiry into his claim that his 1983 predicate conviction had been unconstitutionally obtained. Defendant did not raise any issue warranting an evidentiary hearing (*see People v Rivera*, 203 AD2d 196 [1994]). Defendant asserted that his attorney in the 1983 case rendered ineffective assistance by failing to challenge defendant's post-arrest statements on the ground that he lacked mental competence to waive his *Miranda* rights. Despite being granted a one-week adjournment, defendant offered no evidence other than his own assertions. After examining documents relating to the predicate conviction and postjudgment proceedings, the court properly rejected defendant's claim. The court also properly exercised its discretion in declining to grant a further adjournment. "Supreme Court was not required, as a matter of law, to grant defendant an adjournment to try to put together a more persuasive case" (*People v Diggins*, 11 NY3d 518, 525 [2008]). Concur—Tom, J.P., Andrias, Friedman, Abdus-Salaam and Román, JJ.

Motion seeking to file pro se reply brief denied.